Jones, J.
 

 We hold that paragraph a of subdivision 5 of section 3202 of the Education Law is to be interpreted as imposing the cost of instruction of pupils placed in family homes at board by social services districts and State departments and agencies on the school district in which the pupil resided at the time the district, department or agency assumed responsibility for his support and maintenance, provided that the cost of instruction shall continue to be borne by any district, department or agency which had assumed responsibility for tuition costs (as distinguished from support and maintenance) prior to January 1, 1974. The attacks aimed by appellants at paragraph a as so interpreted must be rejected.
 

 The statutory provision with which we deal is a portion of the section of the Education Law that establishes the right to free public education for resident pupils and sets forth details of making education available to nonresident pupils, including allocation of the cost of such education. Paragraph a was added to subdivision 5 of section 3202 by chapter 867 of the Laws of 1973 with a view to relieving school districts of the financial burden of educating pupils who are placed in family homes within the district at board from other school districts, a burden to which the districts furnishing the educational services had been subjected under prior law. Paragraph a, as amended by chapter 919 of the Laws of 1974, now provides in relevant part: "The cost of instruction of pupils placed in
 
 *286
 
 family homes at board by a social services district or a state department or agency shall be borne by the school district in which each such pupil resided at the time the social services district or state department or agency assumed responsibility for the support and maintenance of such pupil; provided, however, that such cost of instruction shall continue to be borne while such pupil remains under the age of twenty-one years, by any social services district or state department or agency which assumed responsibility for tuition costs for any such pupil prior to January one, nineteen hundred seventy-four.”
 

 This litigation, instituted to compel provision of public education for particular children residing in foster homes in Ellenville Central School District, was subsequently expanded and parties added to permit a broad determination of responsibility for the cost of such instruction under the quoted statutory subdivision. The courts below have given a literal meaning to the language of paragraph a of Education Law, section 3202, subdivision 5, and have upheld its constitutionality.
 

 We first address the issue of statutory interpretation pressed by the City School District of the City of New Rochelle. This appellant would have us read the defining phrase in the proviso at the end of the quoted statutory sentence— "which assumed responsibility for tuition costs for any such pupil”—as referable not to tuition costs but to the assumption of responsibility for support and maintenance of the pupil. The result of such an interpretation would be to relieve all school districts of educational costs of pupils who had become public charges prior to January 1, 1974, rather than to limit such relief only to those public charges for whom a social welfare district or State department or agency had assumed responsibility for tuition costs (as distinguished from support and maintenance) prior to that date. We reject this suggestion. In our view the language of the subdivision facially and literally draws an unmistakable distinction between responsibility of a social services district or a State department or agency for "support and maintenance” and for "tuition costs”. Use of the different terms in such close proximity within the same sentence gives strong support to the conclusion that the references were to assumptions of different responsibilities. We find nothing in the legislative history to which our attention is drawn which would suggest, let alone compel, a con
 
 *287
 
 trary legislative meaning, intention or purpose (cf.
 
 New York State Bankers Assn. v Albright,
 
 38 NY2d 430, esp 435-438, and cases cited). Accordingly, we agree that the proviso at the end of the first sentence of paragraph a of Education Law, section 3202, subdivision 5, must be held to refer only to social services districts and State departments and agencies that, prior to January 1, 1974, assumed responsibility for the tuition costs of welfare beneficiaries in addition to or as distinguished from responsibility for their general support and maintenance.
 

 As to challenges to the validity of the paragraph in general, we first observe that very much of the extensive arguments advanced by the parties is addressed to the economic and political wisdom of the cost allocation scheme set out in the statute, a realm of disputation which is quite outside the scope of judicial review
 
 (Montgomery v Daniels,
 
 38 NY2d 41, 53; cf.
 
 People v Broadie,
 
 37 NY2d 100, 118). The New York City Board of Education and Department of Social Services and the Board of Education of the City of Yonkers seek also to mount attacks of varying degrees of plausibility and relevance under the due process and equal protection clauses of our State and Federal Constitutions. While these units of municipal government have procedural standing to participate in the present litigation (and thus to be heard, for instance, on questions of statutory interpretation), they do not have the substantive right to raise these constitutional challenges.
 
 (Williams v Mayor,
 
 289 US 36;
 
 Trenton v New Jersey,
 
 262 US 182;
 
 City of New York v Richardson,
 
 473 F2d 923, 929, cert den
 
 sub nom. Lavine v Lindsay,
 
 412 US 950;
 
 Lindsay v Wyman,
 
 372 F Supp 1360, 1366;
 
 Triplett v Tiemann,
 
 302 F Supp 1239, 1242;
 
 Matter of County of Cayuga v McHugh,
 
 4 NY2d 609, 616;
 
 Black Riv. Regulating Dist. v Adirondack League Club,
 
 307 NY 475, 488, app dsmd 351 US 922;
 
 Robertson v Zimmermann,
 
 268 NY 52, 64; see Right of municipality to invoke constitutional provisions against acts of State Legislature, Ann., 116 ALR 1037.) This is not an instance in which the municipal challengers assert that if they are obliged to comply with the State statute they will by that very compliance be forced to violate a constitutional proscription (cf.
 
 Board of Educ. v Allen,
 
 20 NY2d 109, affd 392 US 236).
 

 Finally, we agree with the Appellate Division that, whatever may be the practical problems of administration engendered by the present statutory formulation, and understanda
 
 *288
 
 ble as is the temptation to offer judicial assistance in their minimization, there is no warrant in this statute nor in its legislative history for the erection of the presumption fashioned by Supreme Court that the school district in which the pupil resided immediately before his transfer to the receiving school district is the municipal entity responsible for payment of the cost of instruction to the receiving district. Again, if relief be needed or desired, address must be to the Legislature and the Appellate Division properly excised the provision of the judgment that implemented the novel presumption.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Wachtler, Fuchsberg and Cooke concur.
 

 Order affirmed, without costs.