Chief Judge Breitel.
Plaintiff Town of Black Brook, one of numerous localities situated in the Adirondack Park region, seeks judgment, against the State, the agency, and related officials, declaring that the Adirondack Park Agency Act (Executive Law, art 27) violates the home rule provisions of article IX of the State Constitution. The appeal arises on defendants’ motion to dismiss the complaint for the town’s lack of standing to attack the constitutionality of the State statute. Special Term dismissed the complaint; the Appellate Division reversed; and defendants appeal.
The issue is whether a local government has standing to challenge an enactment of the State Legislature as violative of the home rule protection afforded local governments in article IX of the Constitution.
The order of the Appellate Division should be affirmed. (While the Appellate Division correctly held that plaintiff town has standing to bring the action, the complaint should probably be dismissed on the merits on remittal for the reasons stated in Wambat Realty Corp. v State of New York, 41 NY2d 490, decided herewith.) Ample and respected precedent establish that a local government is without standing to attack the constitutionality of State legislation affecting its powers. Where, however, the contention of the local government is that the statute violates the home rule guarantees of article IX of the Constitution, there should be a limited exception. A contrary result would frustrate the purpose of article IX, the promotion of strong local government.
*488 Plaintiff is one of the many local governments in the vast Adirondack Park region whose zoning and land planning powers have been subordinated to the comprehensive land use and development plan of the Adirondack Park Agency Act (Executive Law, art 27). The constitutional issue raised here is discussed at length in Wambat Realty Corp. v State of New York, a companion case brought by a private owner and would-be developer of land in the Town of Black Brook (41 NY2d 490, supra). The issue of standing nevertheless remains in this case, although the determination on the merits is foredoomed by the result in the companion case.
The general rule of law is that a political subdivision of the State may not challenge the constitutionality of an act of the State Legislature restricting its governmental powers (e.g., Black Riv. Regulating Dist. v Adirondack League Club, 307 NY 475, 487-489, app dsmd 351 US 922; County of Albany v Hooker, 204 NY 1, 9-10; compare Board of Educ. v Allen, 27 AD2d 69, 71, affd on other grounds 20 NY2d 109, affd 392 US 236, with 27 AD2d 69, 74 [concurring opn], and 20 NY2d 109, 118 [dissenting opn per Van Voorhis, J.]; cf. Matter of Jeter v Ellenville Cent. School Dist, 41 NY2d 283, 287, for an explication of the right of units of municipal government to litigate against the State on issues other than challenges to the constitutionality of statutes and the absence of a right, generally, to challenge the constitutionality of statutes affecting them). The attributed principle underlying this well-settled doctrine has been often restated. A local government is merely a political subdivision created by the sovereign State. As such, it exercises its powers subject to the direction and control of the State, and impairment of those powers raises no constitutional issue. (E.g., Black Riv. Regulating Dist. v Adirondack League Club, supra, p 487; County of Albany v Hooker, supra, pp 9-10; Board of Educ. v Allen, 27 AD2d 69, 71, supra.) Undiscriminating application of the general rule to the instant case, however, would undermine the home rule protection afforded local governments in article IX of the Constitution, by subverting the very purpose of giving the local governments powers which the State Legislature is forbidden by the Constitution to impair or annul except as provided in the Constitution (see NY Const, art IX, § 2, subd [b], par [1]; § 3, subd [a]).
In securing to all local governments certain "rights, powers, privileges and immunities”, the "bill of rights” of the home *489 rule article laid the groundwork for stronger and more effective local government (NY Const, art IX, § 1; Public Papers of Governor Nelson A. Rockefeller, 1962, pp 824-825). The new article, adopted in 1963, broadened the powers already enjoyed by cities, counties, and larger villages, and, for the first time, granted home rule power to towns and smaller villages (compare NY Const, art IX, with NY Const of 1938, art IX). Safeguarding the guarantees and protections of article IX is not the concern only of private persons, like the landowner in the companion case (supra). Since much home rule controversy stems from tensions of a political nature, the local government has a direct political interest in ensuring the preservation of its home rule power, regardless of whether a violation of the home rule power affects anyone else.
When, indeed, a local government's claim is based on one of the protections of article IX, the principle underlying the otherwise general rule prohibiting it from questioning legislative action affecting its powers is no longer applicable. For, when a home rule challenge is brought, the powers the locality is seeking to protect are not suffered at the will of the State Legislature, but directly and specifically guaranteed by the Constitution.
It is reasonable, therefore, that when an act of the State Legislature is alleged to have encroached upon the powers of a locality in violation of the home rule article, the standing doctrine may not impede the local government from asserting its political rights, rights directly and specifically provided in article IX. The result is not, as suggested by the Appellate Division, compelled by any recent relaxation of the law of standing; it follows analysis of the purposes of the home rule article and the principles underlying the general standing doctrine. Nor does it work a significant erosion of the general standing rule; all that is recognized is a discriminating exception available when article IX is in issue.
Accordingly, the order of the Appellate Division should be affirmed, without costs.
Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed, without costs. Question certified answered in the affirmative.