■ MARINE OFFICE OF AMERICA CORPORATION, as Marine Managers and Attorney in Fact for CONTINENTAL INSURANCE COMPANY, Appellant, v SCHLESSEX CORP. et al., Respondents.—Order of the Supreme Court, New York County, entered July 24, 1979, denying plaintiff's motion for summary judgment affirmed, with costs. Defendant is a purchasing agent for one or more foreign corporations. Other than the Graupner transactions referred to by our dissenting brother, the practice followed by it was standard. Acting as agent, it would purchase the goods for its own account, pledging its own credit. By express direction of its principal it would arrange that the goods be forwarded to Regal Shipping Agency (Regal), a shipping forwarder, which would declare the shipment under its own ocean marine policy and forward the goods on to the principal. Regal would bill defendant for the shipping charges, including insurance. Defendant, in turn, would bill its principal for the cost of the goods shipped and shipping costs, including insurance and add thereto its commission of 5% of the total charge.

Plaintiff, with which defendant carried a separate ocean marine policy, contends that the goods thus shipped by defendant fell within the purview of the coverage of defendant's policy with it. By this action it seeks recovery of a sum in excess of $17,000 which it claims represents the premiums due on the shipments in question. The policy contained the following clause covering: "all shipments under and/or on deck, consigned to or shipped by the Assured, or consigned to or shipped by others for the Assured's account or control and in which the Assured may have an insurable interest but excluding shipments sold by the Assured on F.O.B., F.A.S., Cost and Freight or similar terms whereby the Assured is not obliged to furnish ocean marine insurance and excluding shipments purchased by the Assured on terms which include insurance to final destination; also to cover all shipments which the Assured may be instructed to insure, provided such instructions are given in writing prior to sailing of vessel and before any known or reported loss or accident." At no point while the goods were "under and/or on deck * * * shipped by the Assured * * * or shipped by others for the Assured's account" was defendant at risk. It was entitled to recover from its principal regardless of whether the principal ever received the goods. Once the goods were turned over to Regal, defendant's function was completed and it was entitled to be paid by its principal. If the goods were lost at sea the principal could look only to Regal's insurer. Accordingly, we hold that this case is controlled by *Home Ins. Co. v Chang* (41 NY2d 288), in which the coverage clause was substantially identical. The fact that Chang was a broker whereas defendant was an agent is, we think, of no consequence. Here, as in *Chang*, the transactions with respect to which premiums are sought come within the express exclusionary clause in the policy and further, Schlessex was not at risk with respect to these transactions. So far as the Graupner transactions were concerned, defendant was under specific direction to send them parcel post. Hence, we agree with Justice Silverman that summary judgment on that claim was not warranted. Concur—Birns, J. P., Bloom and Lynch, JJ.; Sandler, J., concurs, and Silverman, J., dissents, in separate memoranda as follows.

Sandler, J. (concurring). I agree with the conclusion in the dissenting opinion that defendant had an "insurable interest" in the "Regal" shipments. As explained in the defendant's papers, the defendant was liable to the sellers for the price of the goods embraced in those shipments. For the reasons set forth in the dissenting opinion, this obligation gave rise to an insurable interest notwithstanding that defendant's principal was obligated to reimburse defendant. The critical issue here arises from defendant's assertions that the "Regal" shipments as a matter of practice were explicitly covered by separate insurance. Although there may be circumstances in which a party to a transaction may have an interest in property justifying coverage under two insurance policies, it is difficult to see any reason here for defendant to have assumed an obligation to pay premiums to plaintiff to insure goods that were separately insured by Regal. Under these circumstances, a fact finder might reasonably conclude that defendant never contemplated the language in the form insurance contract as imposing such an obligation. Given the conclusion that defendant nonetheless had an insurable interest in the "Regal" shipments, the question presented is whether these shipments fall within any of the exclusionary clauses. As to that, there seems to be an ambiguity, as applied to the facts alleged by the defendant, regarding the scope of the provision of the insurance contract "excluding shipments purchased by the Assured on terms which include insurance to final destination". Plaintiff may urge at trial that the quoted

phrase only contemplated "terms" in the agreement of purchase, but the words used do not explicitly so state. Accordingly, the issue presented is not appropriately resolved on a motion for summary judgment. An opportunity should be provided both parties to develop more fully the surrounding circumstances, particularly in light of the familiar principle of construction applicable to form contracts prepared by insurers (see *Miller v Continental Ins. Co.,* 40 NY2d 675, 678), and what appears to be the obvious reality that the defendant never contemplated the application of the policy to shipments fully covered by other insurance under the circumstances presented.

Silverman, J. (dissenting). I would modify the order appealed from to the extent of granting summary judgment in favor of plaintiff as to all transactions, except with respect to shipments made to Graupner in Germany. The action is for premiums on a marine open cargo policy of insurance; the liability for premiums depends on whether the policy covered the particular transactions here involved. The policy contains a general coverage clause covering all shipments consigned to or shipped by the defendant assured (Schlesex) "and in which the Assured may have an insurable interest". Excluded are "shipments sold by the Assured on F.O.B., F.A.S., Cost and Freight or similar terms whereby the Assured is not obliged to furnish ocean marine insurance and excluding shipments purchased by the Assured on terms which include insurance to final destination". Except for the Graupner transactions, defendant acted as agent for a principal (perhaps undisclosed) who was purchasing the goods. The goods were billed to defendant, the seller relying on the defendant's credit. Defendant would then rebill its principal. Thus the defendant was liable to the sellers for the price of the goods. True the defendant's principal was obligated to reimburse defendant; but there is always the risk that the principal may become insolvent or may simply breach its contract, a risk which may increase if the principal never receives the goods due to loss or damage en route. As defendant was liable for the purchase price of the goods to the seller, it was at risk. Therefore, defendant had a "lawful and substantial economic interest in the safety or preservation" of the property and thus an insurable interest. (Insurance Law, § 148.) The remaining exclusions are inapplicable. The exclusion relating to shipments on F.O.B., etc., terms applies only to shipments "sold by the Assured." A purchasing agent who causes the goods to be delivered to its principal is not selling the goods. Vis-à-vis his principal, the relationship is purely one of principal and agent and not buyer and seller. In this view, it is unnecessary to consider whether the phrase "or similar terms" is limited to delivery terms like the immediately preceding phrases, F.O.B., F.A.S., cost and freight. If this action were by the assured against the insurance company to recover on the policy, the coverage clause would clearly be interpreted to cover these transactions. Considering the defendant assured as purchaser of the shipments, there is no contention that the shipments were purchased by the assured "on terms which include insurance to final destination." With respect to the Graupner transactions, the statement is made that these were sales by the assured on an F.O.B. basis and thus excluded from coverage on the policy. While defendant should have furnished some documentary evidence to support this view instead of relying on the unsupported affidavit of one of its officers, I think an issue of fact has been raised as to those transactions.