opinion of the court
Andrew J. DiPaola, J.
Defendant moves for an order pursuant to CPLR 3211 dismissing the complaint, which motion is decided as follows:
This is an action brought pursuant to subdivision 4 of section 3202 of the Education Law to recover the costs incurred by plaintiff school district during the 1977/1978 school year for the education and transportation of certain children who are residents of New York City but who are cared for in the St. Christopher’s Home, Sea Cliff, New York. Plaintiff alleges in. the complaint that $52,117.59 remains due and owing from the total bill submitted on March 7, 1979 in the amount of $134,054.03.
Defendant claims that subsequent to the service of the summons and complaint on June 27, 1980 an additional $47,679.59 was paid and that nothing else remains due to the plaintiff. Plaintiff admits the receipt of the additional money but claims to be entitled to the difference between $52,117.59 and $47,679.59, namely, $4,438.
*899 Defendant does not dispute plaintiff’s statutory right to reimbursement for the secular education costs incurred by plaintiff, but defendant takes the position that it is only responsible to pay for the cost of such education on a prorated per diem basis, and that, therefore, defendant can withhold payment for each day a child is not in school. Moreover, defendant claims that the provisions of the Education Law determine its liability as. a governmental entity and any payment by defendant for days the children have not attended school would constitute a gift of public funds in violation of section 1 of article VIII of the New York State Constitution.
Plaintiff has submitted documentation regarding the names and numbers of children attending the various schools, as well as the tuition and transportation costs for each child.
There being no disputed factual issues and the parties having fully addressed the question of law, both orally and by submission of documentary evidence (cf. O’Hara v Del Bello, 47 NY2d 363), the court sua sponte will treat this motion to dismiss under CPLR 3211 (subd [a], par 7) as a motion for summary judgment (CPLR 3211, subd [c]).
The district’s records establish that during the school year in question the children from the St. Christopher’s Home were sent to various educational facilities depending upon their physical and emotional needs. Three children attended North Shore schools operated by the plaintiff itself and charges were assessed on a per diem basis, totaling $3,925.21. Ten children attended either the Association for the Help of Retarded Children (AHRC), the Nassau Center for the Emotionally Disturbed or the Preschoolers Workshop and charges were paid by the plaintiff and billed to the defendant based upon a per diem rate, totaling $49,378.95.
The remaining 23 children attended Board of Cooperative Educational Services (BOCES) schools, i.e., public schools operated in accordance with the Education Law (art 40, § 1950 et seq.). In 1977-1978 BOCES billed a school district such as the plaintiff on a monthly basis irrespective of the number of days in any month that a child was *900 actually present at a particular BOCES school. Accordingly, the plaintiff paid BOCES a monthly tuition of $727.90 per child, which totaled $79,096.50 for the 23 children, as well as $1,653.37 for transportation. It is an unspecified fractional portion of the BOCES bill for $80,749.87 that defendant now refuses to pay.
Turning to the source of defendant’s liability, subdivision 4 of section 3202 of the Education Law, that statute reads as follows: “4. [Effective until July 1, 1981. See also subd. 4 below.] Except as provided in subdivision six of this section, children cared for in a duly incorporated orphan asylum or other institution for the care, custody and treatment of children, other than the children of the officers and employees of such institution, shall not, by reason of their presence in such institution, be deemed to be residents of the school district in which such institution is located. The trustees or other authorities in charge of any such institution may contract with the trustees or board of education of the school district in which such institution is located for the secular instruction of such children. If such children are supported and maintained at the expense of a public welfare district, the cost of the secular instruction of such children in the school or schools in the district shall be paid by the public welfare district which is liable for the payment of the cost of their support and maintenance. If such children are not supported and maintained at the expense of a public welfare district, the cost of the secular instruction of such children in the school or schools in the district shall be a charge upon and shall be paid by the school district responsible for their instruction at the time of their admittance to said duly incorporated orphan asylum or other institution for the care, custody and treatment of children. The trustees or board of education of the school district in which such institution is located shall receive such children in the school or schools of the district for instruction for a compensation to be fixed by the trustees or board of education, unless such trustees or board of education shall establish to the satisfaction of the commissioner of education that there are valid and sufficient reasons for refusal to receive such children.”
*901 The clear intent of the Legislature in enacting section 3202 was to provide financial relief to the school district who received nonresident children in its care and who had the burden of educating them (Brown v Union Free School Dist. No. 8, 59 AD2d 761; Matter of Jeter v Ellenville Cent. School Dist., 50 AD2d 366, affd 41 NY2d 283; Matter of Board of Educ. v Allen, 29 AD2d 24).
Defendant would define “secular instruction” as a certain number of hours actually spent by a pupil in a school. This court cannot agree. The plaintiff was charged with the responsibility to provide an education for the children it received and to then contract with the appropriate educational facility, in this case, BOCES (cf. Matter of Brown v Union Free School Dist. No. 8, 88 Misc 2d 755, affd 59 AD2d 761, supra). Plaintiff fulfilled its responsibilities and did contract with BOCES, thereby incurring all of the costs for the education and transportation of 23 children.
Had plaintiff disputed the tuition policy of BOCES, it is conceivable that no contract would have been negotiated and plaintiff would have failed in its statutory duty.
Moreover, defendant does not dispute the fact that the BOCES charges passed on by the district to the defendant for the school year 1977/1978 represented the district’s net costs, i.e., actual per pupil cost as same was proratedly reduced by BOCES and returnable to the district. Defendant makes no claim that the plaintiff’s billing procedures were not in accordance with part 174 of the commissioner’s regulations (8 NYCRR Part 174).
Defendant has not cited and this court has not found any substantiation for defendant’s narrow definition of “secular instruction”. While it is true that we are living in a time of stringent municipal economies, it is also true that the plaintiff district has shouldered the educational responsibilities of another municipality and is entitled by law to full reimbursement.
Accordingly, defendant’s motion is denied and plaintiff is awarded summary judgment in the amount of $4,438, plus interest.