*1068 OPINION OF THE COURT
Arthur W. Lonschein, J.
In this taxpayer action to declare void the contract between defendants Sunnyside Intergenerational Services (hereinafter SIS) and the State Office for the Aging and for other ancillary relief, plaintiff moves for a temporary injunction restraining the disbursement of State funds to SIS. Defendants Wilson, Preston and the State Office for the Aging move to dismiss on the grounds that the complaint fails to state a cause of action and that defendants Wilson and Preston are not proper parties defendant.
For purposes of the sufficiency motion, the court must deem the following facts as pleaded in the complaint to be true. (See Pace v Perk, 81 AD2d 444.) Defendant SIS was organized as a not-for-profit corporation on February 8, 1982, with defendants Preston and Pam as two of its three incorporators. Defendant Wilson is the Assemblyman for the 37th Assembly District. Defendant Preston is a legislative aide to defendant Wilson, a candidate for Democratic district leader and a director of SIS. Defendant Pam is an employee of SIS as well as a director and also a candidate for Democratic district leader. On March 31,1982, the sum of $50,000 was appropriated in the State supplemental budget to be disbursed to defendant SIS through the defendant State Office for the Aging. (L 1982, ch 1.) It is alleged that said appropriations were procured by the individual defendants and that such expenditure would be illegal.
A citizen taxpayer action permits the granting of equitable or declaratory relief against an officer or employee of the State who, in the course of official duties, is causing, or is about to cause, a wrongful expenditure of misappropriation or other illegal disbursement of State funds. (State Finance Law, § 123-b, subd 1.) The authority to appropriate and provide for the expenditure of public funds rests with the Legislature and not the courts. (Matter of Smiley, 36 NY2d 433, 439.) Therefore, the economic or political wisdom of any particular cost allocation is outside the scope of judicial review. (Matter of Jeter v Ellenville Cent. School Dist., 41 NY2d 283.) Under the circumstances, plaintiff’s allegations that SIS is an inappropriate agency to accept such funds or that better agencies exist *1069 may not be considered in this case. From a review of all the papers, it is clear that no claimed unconstitutional expenditure is being asserted. Therefore, a cause of action can only be stated if it is alleged and appears clear that the $50,000 expenditure authorized by the Legislature is being expended in violation of some other State law.
Parenthetically, defendants Pam and SIS are not State officers or employees and, therefore, are technically not proper parties defendant. However, since they are alleged to be part of the illegal action, they are proper defendants as long as a cause of action exists against a State agency, officer or employee.
The plaintiff contends that this expenditure violates the provisions of section 74 of the Public Officers Law. That statute is a code of ethics governing the conduct of legislators and legislative employees. Plaintiff makes specific reference to provisions which govern the appearance of impropriety in the conduct of legislators and their staffs. Mere conclusions that such violations exist are insufficient to state a cause of action. Plaintiff must plead facts which establish such a conclusion. There is no evidence that SIS is being used for political activity or that any of its funds are expended to support defendant Wilson of any State or legislative employee. Defendant Pam may at one time have been a legislative employee but, even by the terms of the complaint, terminated such employment before being hired by defendant SIS. Therefore, plaintiff’s conclusions are speculative and not legally sufficient.
Plaintiff also alleges that the expenditure of funds violates provisions of the Community Senior Citizens Centers and Services Companies Law. (Private Housing Finance Law, art 7-A.) More specifically, that law provides that no member or director of a governed company shall receive any salary or other compensation for services as such member or director. (Private Housing Finance Law, § 356.) No such expenditure, however, was made here. Defendant Pam is not receiving payment as a member or director but rather as an employee. Such distinction is clear when the entire provision of section 356 of the Private Housing Finance Law is read, as the other provisions restrict conduct of employees as well as officers or mem *1070 bers. There is no allegation in the complaint or in any of the supporting papers that defendant Pam is not, in fact, providing services as an employee to justify the salary she receives.
Finally plaintiff contends that the expenditure violates commissioner’s regulations which specifically prohibit membership in a governed company by elected public officials or members of their staffs. The regulation in question (9 NYCRR 2606.02) was adopted by the Commissioner of the Division of Housing and Community Renewal to govern the activity of neighborhood preservation companies. (9 NYCRR Subtit S, Ch 10.) The statutory authorization for those regulations is set forth in article 16 of the Private Housing Finance Law which, like the regulations, deals only with neighborhood preservation companies. The regulations of the State Office for the Aging, dealing with community services for the elderly, contain no such restriction. (9 NYCRR Subtit Y, Ch 2.)
Under the circumstances, there appears to be no statutory violation pleaded in the complaint which would justify the relief requested by the plaintiff and, accordingly, the cross motion to dismiss is granted.
The remaining branch of the cross motion and the plaintiff’s motion are dismissed as moot.