Bellacosa, J.
(dissenting). Dell Catlin was born with Down’s Syndrome in New York City 17 years ago. Three weeks after his birth, his parents placed him in Samuel and Elizabeth Conde’s “family home at board”. He has lived with them in the same home in Edmeston, New York, and has always referred to the Condes as his “Mama” and “Dad”. The record recites his total and personal integration and involvement in Edmeston, the only home he has ever known or considered to be his residence. He has never resided with or even visited his natural parents in their home in Bedford, New York, or now in Massachusetts, though they have visited him at the Condes’ a few times a year. Since he was five years of age, Dell Catlin has been educated through a program for the handicapped in the Edmeston School District.
Despite these overwhelming uncontroverted facts, the Court rules by legal axiom that Edmeston is not Dell Gatlin’s “actual and only residence,” as that term is used in Education Law § 3202 (4) (b). The residence of his natural parents is simply imposed upon him. We respectfully dissent and vote to affirm.
Persons over the age of 5 and under age 21 are entitled to a free public education in New York “in the district in which [they] reside[ ]” (Education Law § 3202[1]; see, NY Const, art XI, § 1). Residence is not defined in that subdivision of the Education Law and, in general, is determined by applying common-law principles on a case-by-case basis. The hoary presumption that children’s residences are with their parents is part of that common-law heritage. However, the residence of children placed in family homes at board, like Dell Catlin, is specifically and separately defined in Education Law § 3202 (4) (b). That section states that children who are not supported and maintained at the expense of a social service district or State department or agency, and who are cared for in free family homes and family homes at board that are their "actual and only residence”, “shall be deemed residents of the school district in which such family home is located” (emphasis added).
Thus, the residence definition pertinent to this case could not be clearer. Nevertheless, the majority, agreeing with the former Commissioner of Education, ignores the plain statute *564 and the rule of construction which dictates that a general provision must yield to an applicable specific provision (McKinney’s Cons Laws of NY, Book 1, Statutes § 238). Instead, the Court reverts to a rebuttable legal fiction, a rule of thumb, to countermand diametrically opposite facts and the distinct statutory classification protecting this youngster. This approach contradicts and displaces the plain meaning of the modifiers "actual and only,” as well as the defining clause deeming the residence to be the place where the family home at board is located (Education Law § 3202 [4] [b]).
If the words " ‘actual and only residence’ ” in their "natural and obvious sense” (majority opn, at 559, 560) do not determine Dell Gatlin’s residence, then we are unable to conceive of a situation in which the specially designed statutory phrase will be given efficacy. The record evidence defies the legal fiction declared applicable by the majority.
Indeed, the Second Circuit Court of Appeals in another stage of this very litigation — albeit while abstaining from deciding the merits and constitutional issues — noted that "[a] literal reading of [section] 3202(4)(b) would seem to require that Dell be considered a resident of Edmeston” (Catlin v Ambach, 820 F2d 588, 590). We see no basis, after abstention by a Federal court, to disagree with that simple articulation.
As we understand their analysis, the majority refuses to apply section 3202 (4) (b) for the same reasons relied on by the former Commissioner — because the Gatlins have not severed their formal legal ties to their son and have not withdrawn all financial support from him. Of course, no such draconian conditions have been imposed by the Legislature in order to qualify for the protection of section 3202 (4) (b). Indeed, it is inconceivable that the Legislature would have wanted to induce parents to cease all financial support in contravention of existing statutory support obligations and to renounce their developmentally disabled children in order to qualify for a free education in instances where parents seek stable placements — sometimes permanent, as here — and education for those children away from the natural parents’ home. In any event, implied incorporation of these two conditions clashes with the explicit language of section 3202 (4) (b) purporting to govern placements in homes at board. The Legislature, when it used this term, had to believe and no doubt intended that certain parental financial support as well as the natural parental legal tie would be continued.
*565 Concededly, fiscal implications flow from imposing the financial responsibility to educate children who "actually and only” reside in a family home at board on the school district where that home is located. However, the Legislature, we respectfully submit, has made that policy choice in section 3202 (4) (b) and it is the Legislature’s to make in these circumstances. This Court has said that "arguments * * * addressed to the economic and political wisdom of the cost allocation scheme set out in [section 3202] [are] outside the scope of judicial review” (Matter of Jeter v Ellenville Cent. School Dist., 41 NY2d 283, 287). "[I]f relief be needed or desired, address must be to the Legislature” (id., at 288).
Moreover, local educational fiscal concerns with respect to this kind of issue are counterbalanced, if not entirely overcome, by transcendent State-wide policy considerations. The undeviating focus of the pertinent provisions in the Education Law is the right of New York children to a free public education (see, NY Const, art XI, § 1). Few things in our society are more fundamental. Inasmuch as the child is the one guaranteed an education by the State, the child’s circumstance and actual residence ought to dictate the resolution of this issue within the commands, of course, of the statute. The State’s parens patriae interest is surely implicated here, where a developmentally disabled New York child’s natural parents are no longer State residents and the youngster has continuously lived and received a special education in Edmeston and wishes to continue doing so. Dell Gatlin’s constitutional and statutory entitlement to a free public education is not fulfilled or answered by the legal ultimatum directed at his out-of-State natural parents: either pay tuition to the school district where he actually and only resides or withdraw him from the only home and school he has ever known.
Even assuming that the common-law presumption can be "deemed” applicable to this case for residency determination under Education Law § 3202 (4) (b), then the majority at the Appellate Division is convincingly correct that the rebuttable axiom was overcome by the overwhelming facts of this case, just as the presumption was overcome in an appeal recently decided by the present Commissioner (Matter of Deborah V., 29 Ed Dept Rep 176). The majority unsuccessfully attempts to distinguish this case by pointing to different facts which do not effect a legal distinction from the applicable analytical principles of law. It also suggests that the Appellate Division *566 and we would apply the wrong standard of review. This is primarily a statutory construction case and, self-evidently, we are suggesting that this Court perform its traditional and nondelegable function to construe the statute — in this instance, for the very first time. Besides, the former Commissioner’s application of the statute in this case, apart from construing it contrary to its facial wording, is irrational in law even under the majority’s proposed review test. Again, we are unable to conceive of more compelling circumstances in which the presumption would be overcome if not here, where the developmentally disabled youngster has been physically, i.e., "actually”, and continuously, i.e., "only”, residing in the same home at board since the age of three weeks and has never even visited his natural parents’ residence.
The majority places some reliance on the assumption by the Bedford Central School District (the former residence of the natural parents) of the financial responsibility for Dell Gatlin’s tuition in past years. The argument is that this is some evidence that Bedford, not Edmeston, was at one time the youngster’s legal residence. However, the reimbursement arrangement between Bedford and Edmeston is irrelevant to the resolution of the statutory issue framed by this case in the present circumstances. As the majority at the Appellate Division recognized, "[bjecause there has never been a determination by the Commissioner or the courts that the Bedford Central School District was legally responsible for Dell’s tuition, its assumption of that responsibility was purely voluntary and has no bearing on the legal issue presented in this case.” (Catlin v Sobol, 155 AD2d 24, 31.) This is especially so since the natural parents are no longer even residents of the State of New York.
Determining whether a family home at board is a child’s "actual and only” residence is fact-laden and necessarily requires case-by-case scrutiny. Facile application of the cold formalism that children are deemed to reside with their natural parents in genuine circumstances such as presented here is plainly wrong, because presumptions and legal fictions, while they may simplify cases, are not proper substitutes for individualized analysis and determination. "[Wjhatever may be the practical problems of administration engendered by the present statutory formulation * * * there is no warrant in this statute nor in its legislative history” for interposition of a common-law presumption in the modern, more enlightened circumstances reflected by the problem at issue (Matter of *567 Jeter v Ellenville Cent. School Dist., 41 NY2d, supra, at 287-288).
Therefore, we vote to affirm the grant of the petition, as directed by both lower courts.
Chief Judge Wachtler and Judges Simons, Kaye and Alexander concur with Judge Hancock, Jr.; Judge Bellacosa dissents and votes to affirm in a separate opinion in which Judge Titone concurs.
Order reversed, with costs, plaintiffs’ motion for summary judgment denied, defendants’ cross motion for summary judgment granted, Dunbar Elliot Gatlin declared not to be a resident of the Edmeston Central School District, and case remitted to Supreme Court, Albany County, for further proceedings in accordance with the opinion herein.