■ REFORM EDUCATIONAL FINANCING INEQUITIES TODAY (R.E.F.I.T.) et al., Appellants, v MARIO M. CUOMO et al., Respondents. [606 NYS2d 44] —In an action, *inter alia,* for a judgment declaring unconstitutional New York State's scheme for financing its public elementary and secondary schools, the plaintiffs appeal, as limited by their brief, from an order and judgment (one paper) of the Supreme Court, Nassau County (Roberto, J.), entered February 19, 1992, which granted the defendants' motion to dismiss the complaint.

Ordered that the order and judgment is modified, on the law, by adding a provision thereto declaring that New York State's scheme for financing its public elementary and secondary schools is constitutional; as so modified, the order and judgment is affirmed, with costs to the respondents.

This action was commenced by Reform Educational Financing Inequities Today on behalf of itself and its 40 member school districts, 21 Long Island school districts participating individually, and several students enrolled in these school districts, seeking a declaration that the system by which New York State finances its public schools is unconstitutional. The plaintiffs herein are property-poor or low-wealth school districts, which allege, *inter alia,* that they do not possess the funds to compete with their wealthier neighbors in providing education to their students, and that the resulting disparities in the education offered by wealthier and poorer school districts violate the education article of the New York Constitution. New York Constitution, article XI, § 1 states that "The legislature shall provide for the maintenance and support of a system of free common schools, wherein all the children of this state may be educated".

The issue of the constitutionality of public school financing in New York was addressed by the Court of Appeals approxi-

mately 10 years ago in the case of *Board of Educ. v Nyquist* (57 NY2d 27) (hereinafter the *Levittown* case), in which the Court found, that despite disparities in the overall funding available to property-poor as opposed to property-rich school districts, the New York State system of financing public education was constitutional. In that decision, the Court of Appeals stated: "Interpreting the term education, as we do, to connote a sound basic education, we have no difficulty in determining that the constitutional requirement is being met in this State, in which it is said without contradiction that the average per pupil expenditure exceeds that in all other States but two. There can be no dispute that New York has long been regarded as a leader in free public education. Because decisions as to how public funds will be allocated among the several services for which by constitutional imperative the Legislature is required to make provision are matters peculiarly appropriate for formulation by the legislative body (reflective of and responsive as it is to the public will), we would be reluctant to override those decisions by mandating an even higher priority for education *in the absence, possibly, of gross and glaring inadequacy—something not shown to exist in consequence of the present school financing system" (Board of Educ. v Nyquist, supra,* at 48-49; emphasis supplied). (The defendants allege that presently the average per pupil expenditure in New York State exceeds that in all other States but one.)

The plaintiffs now contend that within the past 10 years, the system of educational financing in New York has resulted in such a gross and glaring inadequacy as to warrant intervention by the courts.

The plaintiffs contend that the changed circumstances since the Court of Appeals 1982 *Levittown* decision—the dramatic widening in the tax-base gap between rich and poor districts, the growing disparities in per-pupil expenditures despite the poor districts' heavier tax efforts, the severe real-world consequences of these resource and spending disparities, the disproportionate increase in the poor districts' high-risk student populations, the burdensome imposition of State mandates, unaccompanied by funds for their implementation, the failure of the Legislature to accept the invitation of the Court of Appeals to reform the system, and the disproportionate impact on poor districts of the State's crisis budgets and the resulting cuts in State aid—constitute the gross and glaring inadequacy which the Court of Appeals said would reopen the question of the school finance system's constitutionality. The

plaintiffs did not argue in the Supreme Court, nor do they address in this Court, any constitutional equal protection issues.

We find that the Supreme Court properly found in favor of the defendants, since the plaintiffs do not allege that their students are not being provided with a sound, basic education. Since the plaintiffs in this case merely assert that there are disparities in the financing of rich and poor school districts, and the Court of Appeals has already determined in the *Levittown* case that such disparities are not unconstitutional, we find that the complaint was properly dismissed.

Moreover, although *amici curiae* argue that the students in the plaintiff school districts are not being provided a sound basic education due to inequities in the State educational financing system, they have no status to raise issues and cite alleged errors which were never raised or cited by the plaintiffs *(see, Matter of Lezette v Board of Educ.,* 35 NY2d 272, 282; *People v Archer,* 68 AD2d 441, 449, *affd* 49 NY2d 978, *cert denied* 449 US 839). Since the plaintiffs did not make this argument, it may not be advanced solely by the *amici curiae.*

However, we modify the judgment appealed from to declare that the New York State's scheme for financing its public elementary and secondary schools is constitutional. Where a declaratory judgment action is brought and a determination is made on the merits the court must make a declaration *(see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Copertino, J. P., Pizzuto, Santucci and Joy, JJ., concur. *[See,* 152 Misc 2d 714.]