[619 NYS2d 699]

CAMPAIGN FOR FISCAL EQUITY, INC., et al., Appellants-Respondents, v STATE OF NEW YORK et al., Respondents-Appellants, and MARIO M. CUOMO, as Governor of the State of New York, et al., Respondents.

CITY OF NEW YORK et al., Appellants, v STATE OF NEW YORK et al., Respondents.

First Department, November 15, 1994

## APPEARANCES OF COUNSEL

*Michael A. Rebell Associates,* New York City *(Robert L. Hughes* on the brief), for appellants-respondents.

*Mark G. Peters* of counsel, New York City *(Harvey J. Golubock, Andrea Green, Jeffrey I. Slonim* and *Clement J. Colucci* on the brief; *G. Oliver Koppell, Attorney-General,* attorney), for State of New York, respondents.

*A. Orli Spanier, Elizabeth S. Natrella* and *Denise C. Morgan* of counsel, New York City *(Evan A. Davis, Lawrence T. Gresser, Marcia L. Narine, Leonard Koerner, Lorna B. Goodman, Pamela Seider Dolgow, David B. Goldin, Florence A. Hutner* and *Shari M. Goodstein* on the brief; *Paul A. Crotty, Corporation Counsel* of New York City, and *Cleary, Gottlieb, Steen & Hamilton,* attorneys), for City of New York, appellants.

*Alan M. Klinger* of counsel, New York City *(Frederick K. Reich* and *Adam S. Grace* on the brief; *Stroock & Stroock & Lavan,* and *Rhonda Weingarten,* attorneys), for The United Federation of Teachers, *amicus curiae.*

*Donald Shaffer* and *Helen Hershkoff,* New York City, for American Civil Liberties Union Foundation, *amicus curiae.*

*Arthur Eisenberg,* New York City, for New York Civil Liberties Union, *amicus curiae,* and 16 additional *amici curiae.*

## OPINION OF THE COURT

WALLACH, J.

The appeals in this consolidated action revisit the issue of equitable distribution of State funds to local school districts. The Court of Appeals directly addressed this question 12 years ago, in litigation involving 31 such districts spread across 21 counties of the State, in *Board of Educ., Levittown Union Free School Dist. v Nyquist* (57 NY2d 27, *appeals dismissed* 459 US 1139).

New York State currently allocates almost $9 billion in State funds to local school districts. The Campaign for Fiscal Equity (CFE) plaintiffs allege that while New York City schools enroll 37% of the State's total student population, the City receives only 34% of the total State aid to education. The municipal plaintiffs allege that this allocation scheme perpetuates a disparity in the State's educational system, and the opportunities it offers. On the one hand are urban school districts, beset with high operating costs and unique drains on school funds, suffering in blighted or antiquated facilities, with less qualified teachers and over-all inadequate resources; on the other are exurban districts which, combined with ample local tax revenue, are able to offer modern and well-maintained facilities, better credentialed teachers, more favorable teacher-student ratios and a wider array of educational resources.

Plaintiffs in both actions first allege a violation of the Education Article of the New York State Constitution (art XI, § 1), which provides simply that "The legislature shall provide for the maintenance and support of a system of free common schools, wherein all the children of this state may be educated." Second, they allege that the allocation scheme violates the Equal Protection Clauses of the Constitutions of the United States (14th Amend, § 1) and the State (art I, § 11). In *Levittown* the Court of Appeals acknowledged the disparities in per-pupil expenditures among the State's school districts attributable to wide variances in local funding available for educational purposes by reason of unequal real property tax bases or unequal demands on local revenue, "resulting in significant unevenness in the educational opportunities offered" (57 NY2d, *supra*, at 38). The Court held nevertheless that the State's school finance system did not illegally discriminate against large city school districts. Any such inequities are due more to demographic, economic and political factors intrinsic to urban centers themselves than to legislative action or inaction, the Court held, in rejecting similar allegations brought under the Education Article and the Equal Protection Clauses. If the taxpayers of a particular local school district wish to provide enriched educational services and facilities which are greater than those afforded by a less affluent district, this does not create an unconstitutional disparity. Rather than Statewide equality in services and facilities, all the State is required to provide is "a sound basic education" (57 NY2d, *supra*, at 48).

■ Plaintiffs herein seek to distinguish their situation from the Court's determination in *Levittown (supra)*, focusing on the absence of any claim by the plaintiff school districts therein that their educational facilities or services had consequently fallen below State-wide minimum qualitative or quantitative standards as fixed by the Board of Regents (57 NY2d, *supra*, at 38). Such allegations are present in the records now before us *(cf., Reform Educ. Fin. Inequities Today [R.E.F.I.T.] v Cuomo*, 199 AD2d 488), viz., that the selected plaintiff community school board districts have inadequate physical facilities, below-par student achievement, high drop-out rate and unavailability of mandated remedial instruction. On that basis, the IAS Court denied dismissal of the first causes of action. However, inclusion of an allegation of failure to meet minimum standards may help plaintiffs over the *R.E.F.I.T.* hurdle, but they still must satisfy the requirements of *Levittown* in order to state a cause of action for violation of the Education Article.

For purposes of a motion to dismiss, allegations of fact are presumed to be true, but bare conclusions of law command no such deference *(Gertler v Goodgold*, 107 AD2d 481, 485, *affd* 66 NY2d 946). Plaintiffs have alleged here, in conclusory fashion, that reduced resources result in a failure to provide them an opportunity to meet "minimum standards of educational quality and quantity". But the theory expounded in these complaints is virtually identical to that advanced, fully tried and ultimately rejected on appeal in *Levittown (supra)*. Thus, as a matter of law, the claimed violations of the Education Article of the State Constitution fail to state a cause of action, and must be dismissed on that basis.

Similar reasoning leads us to uphold the IAS Court's dismissal of the second (Equal Protection) causes for failure to state a cause of action. Plaintiffs have failed to demonstrate adequately that circumstances have changed or deteriorated sufficiently in the past 12 years to warrant a new scrutiny of this claim.

■ CFE's third cause of action additionally alleged, under article I (§ 11) of the NY Constitution, a civil rights violation by reason of discrimination against certain minority students in the affected New York City School District. The IAS Court upheld this cause of action only by reference to Executive Law § 291 (2), which guarantees equal opportunity to education as a civil right. But that statute merely assures every student an "opportunity to obtain education". There is nothing in the

funding allocation scheme which discriminates against any of the individual plaintiffs and thus deprives them of such educational opportunity. This claim should have been dismissed for failure to state a cause of action.

■ Claimed violations of Title VI of the Civil Rights Act of 1964 (42 USC § 2000d, prohibiting exclusion, denial of benefits or discrimination in any Federally assisted program on the ground of race, color or national origin)—the third cause in the municipal complaint and the fourth in the CFE complaint —require a showing of intentional discrimination, rather than mere disparate impact, although unjustifiable disparate impact upon minorities may be redressed through agency regulations implementing the statute *(see, Alexander v Choate,* 469 US 287, 293, explaining *Guardians Assn. v Civil Serv. Commn.,* 463 US 582). The IAS Court found liability under the regulation (34 CFR 100.3) to have been sufficiently pleaded. We disagree.

34 CFR 100.3 (b) (2) prohibits a recipient of Federal funds from "utiliz[ing] * * * methods of administration which have *the effect of* subjecting individuals to discrimination because of their race, color, or national origin, or have *the effect of* defeating or substantially impairing accomplishment of the objectives of the program as respect individuals of a particular race, color, or national origin." (Emphasis added.) Thus, the proscription against methods which result in disparate impact, regardless of lack of intention to discriminate, is made explicit in the regulation. However, the State's role in allocating education funds simply designates a lump sum to the New York City school system as a unitary school district. It is not that function which results in the disparate impact on minority racial or ethnic groups; rather, it is the method by which plaintiff Chancellor of the City School District divides and suballocates those funds that may arguably result in the disparate impact complained of here. Thus, even under the regulations, this claim fails to state a cause of action.

■ Finally, the challenge to dismissal of the municipal complaint for lack of capacity to sue must not be confused with the justiciability of the controversy *(Community Bd. 7 v Schaffer,* 84 NY2d 148), which is conceded by all parties. However, units of municipal government, as political subdivisions created by the State, lack the capacity (with very limited exceptions not applicable here) to challenge in a lawsuit the constitutionality of State legislative enactments affecting them *(Town of Black Brook v State of New York,* 41 NY2d 486, 488;

*Matter of Jeter v Ellenville Cent. School Dist.*, 41 NY2d 283, 287).

These complaints should have been dismissed in their entirety. With regard to those causes of action in the municipal complaint which were dismissed solely on the ground of lack of capacity to sue, we have enlarged such dismissal to rest on the additional ground of failure to state a cause of action, even in the absence of a cross appeal by defendants in that case. We believe the consolidation of these cases for decision in the IAS Court and on appeal, and the fact that defendants have noticed a cross appeal in the CFE case, permit us to reach this expanded disposition.

The order of Supreme Court, New York County (Leland DeGrasse, J.), entered on or about June 21, 1994 (162 Misc 2d 493), which granted defendants' motion to dismiss the entire municipal complaint, and so much of the CFE complaint as brought by 14 community school board districts, for lack of legal capacity to sue; and granted defendants' motion to dismiss the second causes of action in both complaints, and so much of the third cause in the municipal complaint and the fourth cause in the CFE complaint as based solely upon a statutory violation of the Civil Rights Act of 1964, for failure to state a cause of action, should be modified, on the law, defendants' motions should be fully granted to the extent of dismissing the first, third and remainder of the fourth causes in the CFE complaint for failure to state a cause of action, and the first and remainder of the third causes in the municipal complaint for the additional reason of failure to state a cause of action, and otherwise affirmed, without costs.

CARRO, J. P., KUPFERMAN and WILLIAMS, JJ., concur.

Order, Supreme Court, New York County, entered on or about June 21, 1994, which granted defendants' motion to dismiss the entire municipal complaint, and so much of the CFE complaint as brought by 14 community school board districts, for lack of legal capacity to sue; and granted defendants' motion to dismiss the second causes of action in both complaints, and so much of the third cause in the municipal complaint and the fourth cause in the CFE complaint as based solely upon a statutory violation of the Civil Rights Act of 1964, for failure to state a cause of action, modified, on the law, defendants' motions fully granted to the extent of dis-

missing the first, third and remainder of the fourth causes in the CFE complaint for failure to state a cause of action, and the first and remainder of the third causes in the municipal complaint for the additional reason of failure to state a cause of action, and otherwise affirmed, without costs.