■ BOARD OF EDUCATION OF SYRACUSE CITY SCHOOL DISTRICT, Respondent, v EDWARD V. REGAN, as Comptroller of State of New York, et al., Appellants. — Judgment unanimously reversed, on the law, without costs, and judgment granted in favor of defendants, in accordance with the following memorandum: Special Term concluded that the part of chapter 55 of the Laws of 1977 that obligated the school district to repay moneys it received from the health insurance reserve receipts fund (HIRRF) was repealed by implication by chapter 71 (§ 8, subd b) of the Laws of 1977. We disagree. "The doctrine of repeal by implication is heavily disfavored in the law and may be resorted to only in the clearest of cases" and will not be found unless repugnancy between the two statutes is plain (*Ball v State of New York*, 41 NY2d 617, 622). Here there is no repugnancy between the two statutes. They comprise a legislative plan to provide increased financial assistance to school districts in a year of budget austerity. "Moreover, the general rule ' "applies with peculiar force to statutes enacted at the same session of the Legislature" ' " (*Ball v State of New York, supra*, p 622). Here the case against repeal by implication is especially strong since the statutes were not only enacted at the same session, but were passed by the Legislature on the same day. The school district contends that the reduction in the State aid apportionment, as mandated by chapter 71 (§ 8, subd b), effected a repayment by the school district of the moneys it received from the HIRRF. To so construe that section would be to read something into the statute that is not there. There is no language in chapter 71 that would indicate an intention on the part of the Legislature to

relieve the school district from the obligation, imposed by chapter 55, to return the moneys it received from the HIRRF. Moreover, the construction urged by respondent would result in inequality of treatment among those school districts eligible to receive the HIRRF moneys. Under the construction school districts, such as the respondent, that have received the HIRRF loan would not be required to repay it and, in effect, would have suffered no reduction in their State aid apportionment. On the other hand, school districts that elected not to receive the loan would have had their school aid apportionment reduced without the offsetting benefit of the HIRRF moneys. The school district further contends that the statutes, if construed to require repayment, violate the equal protection clauses of the State and Federal Constitutions. The statutes create two classes of school districts, basically those that were participants in the New York State health insurance plan after March 25, 1977 and those that were not. The school district as a political subdivision may not raise this constitutional challenge to the classification created by the Legislature (*Matter of Jeter v Ellenville Cent. School Dist.*, 41 NY2d 283, 287). If we were to reach this issue, our review would be limited to whether there is a rational basis for this classification (*Matter of Levy*, 38 NY2d 653). We cannot say on this record that the classification lacks a rational basis. The judgment below is reversed and judgment is granted (1) declaring that the agreement of August 8, 1977 entered into between the school district and the State Department of Civil Service is valid and enforceable and (2) otherwise dismissing the complaint. (Appeal from judgment of Supreme Court, Onondaga County, Stone, J. — declaratory judgment.) Present — Hancock, Jr., J. P., Doerr, Denman, Boomer and Schnepp, JJ.