■ BOARD OF EDUCATION, SHOREHAM-WADING RIVER CENTRAL SCHOOL DISTRICT, COUNTY OF SUFFOLK, et al., Appellants, v STATE OF NEW YORK et al., Respondents. — Kane, J. P. Appeal from a judgment of the Supreme Court at Special Term (Conway, J.), entered August 28, 1984 in Albany County, which granted defendants' motions to dismiss the complaint.

Under Real Property Tax Law § 1302, school districts must base school real property tax levies on assessment rolls prepared by city, town or county assessors. Generally, when an individual property owner successfully challenges his real property assessment, the school district to which he pays taxes is required to refund to him any excess school taxes paid as a result of the initial overassessment (Real Property Tax Law § 726 [1] [c]). Prior to 1980, towns in Suffolk County traditionally paid school tax refunds to taxpayers who had successfully challenged their assessments without charging back the amount of such refunds to the school districts. This practice went on despite the fact that

Real Property Tax Law § 726 (1) (c) applied to Suffolk County towns, since the Suffolk County Tax Act (L 1920, ch 311, as amended) contained no provision governing tax refunds by school districts (see, 1979 Opns St Comp No. 79-725).

In 1980, the State Legislature amended the Suffolk County Tax Act to provide that the towns, and not the school districts, in the County would be responsible for school tax refunds based upon court-ordered assessment reductions (L 1980, ch 837). This brought the ongoing practice of the towns into conformance with the law. In 1983, the Legislature again amended the Suffolk County Tax Act to except from the 1980 provision any school tax refunds based upon assessment reductions of nuclear powered electrical generating facilities (L 1983, ch 1018). Thus, if a nuclear power plant in Suffolk County were to get its assessment reduced, the school district in which the plant was located would now be responsible for refunding the school taxes paid as a result of the initial overassessment.

Plaintiffs, the Board of Education of the Shoreham-Wading River Central School District and several individual taxpayers in that district, commenced the instant declaratory judgment action to declare unconstitutional the Laws of 1983 (ch 1018). Defendants State of New York and the Town of Brookhaven, Suffolk County, in which the school district of plaintiff Board of Education is located, did not answer; both moved to dismiss the complaint on the grounds that (1) plaintiffs lack standing, (2) the complaint fails to state a cause of action, and (3) the proceeding is premature. Special Term dismissed the complaint, noting that all plaintiffs lacked standing. This appeal by plaintiffs ensued.

We turn first to Special Term's decision that plaintiff Board of Education lacked standing to maintain this action and note our agreement with this determination (see, Matter of Jeter v Ellenville Cent. School Dist., 41 NY2d 283, 287; Board of Educ. v Regan, 87 AD2d 1001, 1002, affd 58 NY2d 1005).

As for plaintiff taxpayers, two possible bases for standing are asserted. One is their right to maintain the suit under State Finance Law article 7-A; the other is their common-law right to challenge the constitutionality of the 1983 legislation. Under State Finance Law article 7-A, a citizen taxpayer whose interest is or may be threatened by an illegal or unconstitutional act of a State officer or employee may maintain an action (State Finance Law § 123), but only if the expenditure of State funds is involved (State Finance Law § 123-b; see, Wein v Comptroller of State of N. Y., 46 NY2d 394, 398-399). While it is true that education is a State function, "a school district expends both moneys received

through State grant and moneys raised in the exercise of its own taxing powers" (*Weimer v Board of Educ.,* 52 NY2d 148, 152, n 2). Here, any moneys refunded by the district pursuant to the 1983 legislation would be moneys raised in the district's exercise of its own local taxing powers. Thus, no State expenditure is involved and plaintiff taxpayers do not have standing under the State Finance Law.

As for plaintiff taxpayers' assertion of standing under common law, however, we reach a different conclusion. Applying the principles set forth by the Court of Appeals in *Boryszewski v Brydges* (37 NY2d 361), we find that plaintiff taxpayers' concerns over the impact of the 1983 legislation on them are sufficient to gain them standing to challenge the constitutionality of the 1983 legislation (*see, Matter of Schweiss v Ambach,* 98 AD2d 148, 156, *affd* 63 NY2d 835; *Leichter v Barber,* 88 AD2d 1029).

Given our conclusion that plaintiff taxpayers have standing, this court must determine whether their complaint presents a justiciable controversy, an issue not specifically addressed by Special Term. In *New York Public Interest Research Group v Carey* (42 NY2d 527), an action seeking to declare the Laws of 1977 (ch 455) unconstitutional, the Court of Appeals stated:

"The fact that the court may be required to determine the rights of the parties upon the happening of a future event does not mean that the declaratory judgment will be merely advisory. In the typical case where the future event is an act contemplated *by one of the parties,* it is assumed that the parties will act in accordance with the law and thus the court's determination will have the immediate and practical effect of influencing their conduct * * *.

"But a request for a declaratory judgment is premature if the future event is *beyond the control of the parties and may never occur* * * *. Then any determination the court may make would be merely advisory since it can have *no immediate effect* and may never resolve anything" (*id.,* pp 530-531 [emphasis supplied] [citations omitted]). (*See also, Park Ave. Clinical Hosp. v Kramer,* 26 AD2d 613, *affd* 19 NY2d 958.)

In the instant case, plaintiff taxpayers will not be affected by the 1983 legislation unless and until the Shoreham Nuclear Power Station has its assessment reduced in tax assessment review proceedings, thereby obligating the school district to refund excess school taxes. While plaintiff taxpayers contend that they have already been adversely affected, such argument lacks a basis in the present record. Nothing in the school district's credit rating, which plaintiff taxpayers allege has been

damaged as a result of the 1983 legislation, indicates that the Laws of 1983 (ch 1018) have had any bearing on the rating. Further, in their brief, plaintiff taxpayers allege that they have been forced to set up a reserve fund to pay tax certiorari claims, thereby diverting already scarce tax revenues. There is nothing in the record, however, which substantiates this allegation.

In view of the foregoing, we conclude that the complaint is premature and does not at this time set forth a justiciable controversy (*see, Park Ave. Clinical Hosp. v Kramer, supra; see also, New York Public Interest Research Group v Carey, supra; cf. Cutro v Sheehan Agency,* 96 AD2d 669). The complaint, therefore, was properly dismissed, albeit for an erroneous reason. We note that our dismissal of the complaint is not on the merits, but solely upon the ground set forth above. Consequently, this dismissal does not, as plaintiff taxpayers fear, bar a subsequent action for the same relief should there ever be an actual controversy (Siegel, NY Prac § 276, at 332-333). Special Term's gratuitous comment upon the merits was purely dictum since it had already determined to dismiss the complaint due to plaintiffs' lack of standing.

Judgment affirmed, without costs. Kane, J. P., Casey, Mikoll, Levine and Harvey, JJ., concur.