■ GEORGE J. SHAMON et al., Individually and as Members of the Auburn City Council, Respondents, v PAUL W. LATTI-MORE, Individually and as Mayor of the City of Auburn, et al., Respondents, and GEORGE W. CREGG, SR., Appellant.—Judgment unanimously reversed, on the law, with costs, and petition dismissed. Memorandum: It was error for the court to grant the petition to annul the acts of the Charter Commission and the Mayor in incurring and authorizing the payment of the Commission's legal fees. A municipal body in retaining counsel and incurring legal fees acts ultra vires absent specific statutory authorization or appropriate resolution and appropriation by the governing body *(Cahn v Town of Huntington,*

29 NY2d 451, 454-455; *Seif v City of Long Beach,* 286 NY 382, 385-386). Here, however, there was express statutory authorization for the Charter Commission to retain counsel and incur legal fees *(cf. Port Jervis Water Works Co. v Village of Port Jervis,* 151 NY 111, 116). Municipal Home Rule Law § 36 (6) (a) provides that members of the Commission "shall be reimbursed for the actual and necessary expenses incurred by them in the performance of their duties." Municipal Home Rule Law § 36 (6) (b) provides that the "[C]ommission shall appoint * * * consultants as it shall require and fix their compensation". The power to incur legal expenses necessarily implies the power to direct that those expenses be paid *(see, Glendon v City of New York,* 276 NY 329, 332-335).

Moreover, the Commission's legal expenses were authorized by the Mayor. Municipal Home Rule Law § 36 (6) (c) provides: "[T]he appropriate officials of the city shall have power, on request of the commission, to appropriate to such commission such sum or sums as shall be necessary to defray its expenses and, in the event the appropriating body or bodies do not take affirmative action to provide such sum or sums within forty-five days of the commission's request, the mayor of the city shall have power to authorize, by certificate filed with the fiscal officer or officers of the city, the commission to incur liabilities and expenses as specified by him * * * which shall be a charge against the city and which shall be audited and paid by the appropriate officials of the city."

The record establishes that the Mayor appropriated the Commission's legal expenses by filing a certificate of authorization with the City Comptroller 45 days after the City Council's rejection of the Commission's appropriations request. The Commission subsequently reconfirmed the contract. Thus, the Commission's legal expenses were properly appropriated. (Appeal from judgment of Supreme Court, Cayuga County, Provenzano, J.—art 78.) Present—Dillon, P. J., Doerr, Denman, Boomer and Pine, JJ.