■ LAWRENCE KADISH, Appellant, v ROOSEVELT RACEWAY ASSOCIATES, L.P., et al., Respondents.—In an action, *inter alia,* to establish a constructive trust, the plaintiff appeals from an order of the Supreme Court, Nassau County (Kutner, J.), dated July 3, 1990, which granted the defendants' motions for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

We find that the Supreme Court properly dismissed the plaintiff's complaint since the plaintiff lacked standing to bring the present action. In this action, the plaintiff challenges the sale of the property referred to as Roosevelt Raceway by the defendants Gulf & Western Industries, Inc., and Madison Square Garden Corporation to the defendant Roosevelt Raceway Associates, L.P. (hereinafter Roosevelt Raceway Associates), and the financing of the acquisition by the Town of Hempstead Industrial Development Agency. After Roosevelt Raceway Associates acquired the property, the title was transferred to the Industrial Development Agency in exchange for the financing of the acquisition through a bond issuance. In turn, the Industrial Development Agency leased the property to Roosevelt Raceway Associates with an option to purchase the property. Specifically, the plaintiff alleges that the defendants conspired to support and finance the acquisition by Roosevelt Raceway Associates and interfered with his business opportunity since he was also interested in purchasing the property. Additionally, the plaintiff challenges the Industrial Development Agency's conveyance of the title of the property to Roosevelt Raceway Associates upon its exercise of its option to purchase the property.

The plaintiff, who was not a party to either the sale of the property or to the subsequent lease agreement, does not have standing to bring an action regarding the validity of the lease or the transaction *(see, Baker v Latham Sparrowbush Assocs.,* 129 AD2d 667). Further, the plaintiff cannot claim standing by virtue of his status as a citizen or taxpayer since the common law of this State does not afford a taxpayer standing to challenge the acts of a governmental official or body, unless

the taxpayer has a special right or interest in the matter that is different than those common to all taxpayers and citizens *(see,* 24 Carmody-Wait 2d, NY Prac § 147:28, at 447). In the present case, it cannot be said that the plaintiff has a special right or interest in the matter. Moreover, there is no statutory authority which confers standing upon a taxpayer to bring an action against the Industrial Development Agency, a public benefit corporation. Specifically, General Municipal Law § 51 which authorizes taxpayers to maintain actions against public officials to prevent illegal official acts and to prevent waste, is not applicable to acts of a public benefit corporation *(see, American Totalisator Co. v Western Regional Off-Track Betting Corp.,* 44 AD2d 750). Similarly, State Finance Law § 123-b (1), which grants citizen taxpayers standing to maintain an action with respect to State expenditures, specifically provides that it shall not apply to the authorization or sale of bonds issued by a public benefit corporation *(see, New York State Coalition for Criminal Justice v Coughlin,* 64 NY2d 660; *Wein v Comptroller of State of N. Y.,* 46 NY2d 394). Thus, we find that the plaintiff lacked standing to bring the present action. Mangano, P. J., Sullivan, Harwood and Pizzuto, JJ., concur.