■ EMIL MURTHA et al., Appellants, v INCORPORATED VILLAGE OF ISLAND PARK et al., Respondents. [609 NYS2d 315] —In an action pursuant to General Municipal Law § 51 and for injunctive relief, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Molloy, J.), entered May 14, 1992, which, *inter alia,* denied their motion for a preliminary injunction, granted the defendants' cross motion for summary judgment, and dismissed the complaint.

Ordered that the order and judgment is affirmed, with costs.

In a taxpayers' action pursuant to General Municipal Law § 51 under the theory presented, the plaintiffs must plead and prove that "the acts complained of are fraudulent, or a waste of public property in the sense that they represent a use of public property or funds for entirely illegal purposes" *(Mesivta of Forest Hills Inst. v City of New York,* 58 NY2d 1014, 1016, quoting *Kaskel v Impellitteri,* 306 NY 73, 79, *cert denied* 347 US 934; *see also, Korn v Gulotta,* 72 NY2d 363). Although the statute itself is written in the disjunctive, apparently permitting a suit to prevent either an illegal act or waste, the controlling cases interpreting the statute have required that both elements be present *(see, Korn v Gulotta, supra; Kadish v*

*Roosevelt Raceway Assocs.,* 183 AD2d 874; *Starburst Realty Corp. v City of New York,* 125 AD2d 148). However, "waste" is not interpreted in a strict sense and can be any illegal act which imperils the public interest, is calculated to work a public injury, or will produce a public mischief *(see, Korn v Gulotta, supra).*

Here, the plaintiffs argue that the named defendants, with the exception of the Village of Island Park, are personally liable for certain legal bills paid by the village on their behalf in relation to an investigation into the village's disbursements of funds from the United States Department of Housing and Urban Development. The plaintiffs argue that the village's payment of the legal fees was ultra vires and, therefore, illegal, because the law firm at issue, Axelrod, Cornachio & Famighetti, was engaged and rendered services before the village passed Local Laws, 1990, No. 1 of Village of Island Park, which authorized such action. However, the plaintiffs fail to address the defendants' unrebutted assertion (which is supported by documentary evidence) that the law firm was engaged pursuant to a pre-engagement resolution passed June 15, 1989, not pursuant to Local Laws, 1990, No. 1 of Village of Island Park. Thus, because the law firm was engaged and paid pursuant to a legislative resolution, no ultra vires act took place *(see, Corning v Village of Laurel Hollow,* 48 NY2d 348; *Cahn v Town of Huntington,* 29 NY2d 451; *Shamon v Lattimore,* 115 AD2d 326). Even if we assume that an allegation of waste could be inferred from the complaint, the plaintiffs have failed to allege an illegal or ultra vires act. Accordingly, the defendants were properly awarded summary judgment and the complaint was properly dismissed.

In addition, a municipal official, as here, may only be held personally liable for a debt if there is fraud, collusion, bad faith amounting to fraud, or acts motivated by personal gain *(see, Stewart v Scheinert,* 47 NY2d 826; *Kittinger v Buffalo Traction Co.,* 160 NY 377; *Daly v Haight,* 170 App Div 469, *affd* 224 NY 726; *Tinston v City of New York,* 17 AD2d 311, *affd* 13 NY2d 850). Here, no such allegations were made.

Finally, because all legal expenses, other than those here, were incurred after the passage of Local Laws, 1990, No. 1 of the Village of Island Park, there is no basis for injunctive relief. Bracken, J. P., O'Brien, Pizzuto and Altman, JJ., concur.