■ Albert G. Prodell et al., Appellants, v State of New

YORK et al., Respondents. [621 NYS2d 712] —White, J. Appeal from an order of the Supreme Court (Kahn, J.), entered February 4, 1994 in Albany County, which, *inter alia,* granted defendants' cross motions for summary judgment dismissing the amended complaint.

In 1980, the State Legislature amended the Suffolk County Tax Act (hereinafter SCTA) to require the towns in Suffolk County to pay for school tax refunds based upon court-ordered assessment reductions (L 1980, ch 837). The Legislature again amended SCTA in 1983 to provide that, if the assessment of a nuclear power electrical generating facility was reduced, the school district in which the facility was located would be required to pay the school tax refund (L 1983, ch 1018). The reach of this amendment (hereinafter Chapter 1018) is limited to plaintiff Shoreham-Wading River Central School District since that is where Suffolk County's only nuclear facility, the ill-fated Shoreham Nuclear Plant (hereinafter Shoreham), is located.

Plaintiffs mounted a constitutional challenge to Chapter 1018 in May 1984. We dismissed that action, finding it premature in the absence of a court-ordered reduction in Shoreham's assessment *(see, Board of Educ. v State of New York,* 111 AD2d 505, *lv dismissed* 66 NY2d 854). Thereafter, in June 1993, a judgment was entered reducing Shoreham's assessment and directing that a refund of $38,145,885 plus interest be paid to Long Island Lighting Company (hereinafter LILCO), Shoreham's former owner.

That prompted plaintiffs to seek summary judgment in this declaratory judgment action that they commenced in 1986, in which they again challenge the constitutionality of Chapter 1018. Defendants cross-moved for the same relief. Defendant Town of Brookhaven (hereinafter the Town) also sought a change of venue to Suffolk County. Supreme Court granted the cross motions as it found that plaintiffs' action was still premature since an appeal from the judgment LILCO obtained was pending before the Second Department. Plaintiffs appeal.

Because the courts of New York do not render advisory opinions, it is axiomatic that an action " 'may not be maintained if the issue presented for adjudication involves a future event beyond [the] control of the parties which may never occur' " *(Cuomo v Long Is. Light. Co.,* 71 NY2d 349, 354, quoting *American Ins. Assn. v Chu,* 64 NY2d 379, 385, *appeal dismissed, cert denied* 474 US 803). However, where the practical likelihood is that the future contingency will occur,

the action may proceed *(see, Associated Indem. Corp. v Fairchild Indus.,* 961 F2d 32, 35; *see also,* 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3001.09b).

Now that LILCO's judgment has been unanimously affirmed *(see, Matter of Long Is. Light. Co. v Assessor for Town of Brookhaven,* 202 AD2d 32), defendant State of New York recognizes that there is a substantial likelihood that there will be a reduction in Shoreham's assessment which now renders this matter ripe for adjudication. The Town nevertheless continues to maintain that this action is premature, pointing to its service of an affidavit of intention to move for permission to appeal to the Court of Appeals. In our view, this slender reed is inadequate to support the Town's argument. Therefore, as we agree with the State's assessment of the present situation, we reverse the grant of summary judgment to defendants.

In light of our determination, Supreme Court should now render a determination on the merits, including the Town's cross motion for a change of venue *(see, Matter of Axelrod v Sobol,* 78 NY2d 112, 116).

Cardona, P. J., Mercure, Casey and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' cross motions; cross motions denied; and, as so modified, affirmed.