■ BOARD OF EDUCATION OF THE GOSHEN CENTRAL SCHOOL DISTRICT, Respondent-Appellant, v TOWN OF WALLKILL INDUSTRIAL DEVELOPMENT AGENCY, Defendant, and PCM DEVELOPMENT COMPANY, Appellant-Respondent. [635 NYS2d 244] —In a combined action and special proceeding pursuant to CPLR 3001 and CPLR article 78, *inter alia,* for a judgment declaring void an amendment to an agreement between the Town of Wallkill Industrial Development Agency and PCM Development Company dated August 1, 1991, PCM Development Company appeals from so much of two orders of the Supreme Court, Orange County (Peter C. Patsalos, J.), both dated July 27, 1994, as denied the branch of its motion which was for summary judgment dismissing the fifth cause of action in the action and in the proceeding, respectively, insofar as it is asserted against it, and the plaintiff-petitioner cross-appeals from so much of the same orders as granted PCM Development Company's motion for summary judgment dismissing the sixth cause of action in the action and in the proceeding, respectively, insofar as it is asserted against it.

Ordered that, on the Court's own motion, the appellant's and cross-appellant's notices of appeal from the order entered in the CPLR article 78 proceeding are treated as applications for leave to appeal, and leave to appeal is granted *(see,* CPLR 5701 [c]); and it is further,

Ordered that the orders are modified, on the law, by deleting the provisions thereof denying the branch of PCM Development Company's motion to dismiss the fifth cause of action insofar as it is asserted against it and substituting therefor a provision granting that branch of the motion; as so modified, the orders are affirmed, with one bill of costs to PCM Development Company.

The plaintiff-petitioner, the Board of Education of the Goshen Central School District, lacked standing to commence this action and proceeding challenging the distribution of revenues derived from payments made in lieu of taxes (hereinafter PILOT) by PCM Development Company, whose shopping mall was granted tax-exempt status pursuant to its agreement with

the Town of Wallkill Industrial Development Agency. A municipal entity may not sue to enforce a private right such as a constitutional guarantee *(see, Union Free School Dist. v Village of Glen Park,* 109 App Div 414; *Central School Dist. No. 1 v Rochester Gas & Elec. Corp.,* 61 Misc 2d 846; *Matter of Jeter v Ellenville Cent. School Dist.,* 41 NY2d 283, 287; *Board of Educ. v Regan,* 87 AD2d 1001, 1002; *Matter of Town of Moreau v County of Saratoga,* 142 AD2d 864). The plaintiff-petitioner, not being a taxpayer, is not aggrieved by the method of disbursement of the PILOT funds, even if that method deprives the plaintiff-petitioner of tax revenues *(see, Matter of Walker v Board of Assessors,* 66 NY2d 702; *Board of Educ. v State of New York,* 111 AD2d 505; *Matter of Glens Falls School Dist. v City of Glens Falls Indus. Dev. Agency,* 196 AD2d 334; *Central School Dist. No. 1 v Rochester Gas & Elec. Corp., supra; Matter of Board of Educ. v Parsons,* 61 Misc 2d 838). The aggrieved party is the taxpayer, who will have to shoulder any additional tax burden created by failure to disburse adequate PILOT funds to the plaintiff-petitioner or suffer a decline in the level of services.

General Municipal Law § 858 (15) provides that PILOT agreements made after the enactment of the statute must provide for the disbursement of PILOT funds to taxing entities in proportion to the amount of taxes those entities would have received but for the exemption. However, the plaintiff-petitioner's argument that General Municipal Law § 858 (15) endows it with standing to bring this action and proceeding is erroneous. By the terms of its enabling legislation, General Municipal Law § 858 (15) does not apply retroactively to PILOT agreements in existence before 1993 *(see,* L 1993, ch 356, as amended; *Matter of Glens Falls School Dist. v City of Glens Falls Indus. Dev. Agency,* 196 AD2d 334, *supra).* Miller, J. P., O'Brien, Pizzuto and Krausman, JJ., concur.