[645 NYS2d 589]

ALBERT G. PRODELL et al., Individually and on Behalf of All Others Similarly Situated, et al., Respondents, v STATE OF NEW YORK et al., Appellants.

Third Department, July 18, 1996

## APPEARANCES OF COUNSEL

*Dennis C. Vacco, Attorney-General,* Albany *(Frank K. Walsh* and *Peter G. Crary* of counsel), for State of New York, appellant.

*Schapiro & Reich,* Lindenhurst *(Perry S. Reich* of counsel), and *Murphy, Bartol & O'Brien,* Mineola, for Town of Brookhaven, appellant.

*Lewis & Greer, P. C.,* Poughkeepsie *(J. Scott Greer* of counsel), for respondents.

## OPINION OF THE COURT

CARDONA, P. J.

In 1980, the Suffolk County Tax Act (hereinafter the Act) was amended by the State Legislature to require towns in Suffolk County to pay for school tax refunds stemming from court-ordered assessment reductions (*see,* L 1980, ch 837, § 1 [hereinafter the 1980 Amendment]). In 1983, the Act was again amended to provide that upon any assessment reductions of nuclear power electrical generating facilities, the school districts in which such facilities were located would be responsible for the school tax refunds (L 1983, ch 1018, § 1 [hereinafter the 1983 Amendment]). Although couched in gen-

eral terms, the only school district affected by the 1983 Amendment was plaintiff Shoreham-Wading River Central School District (hereinafter the District) because that is where Suffolk County's only nuclear facility, the Shoreham Nuclear Power Plant (hereinafter Shoreham), is located. In June 1993, Supreme Court reduced Shoreham's assessment and directed Suffolk County to pay a refund of $38,145,885 plus interest to Shoreham's owner, Long Island Lighting Company. Plaintiffs, comprised of Suffolk County real property taxpayers (hereinafter collectively referred to as plaintiff taxpayers) and the District, commenced this action seeking, *inter alia*, a judgment declaring the 1983 Amendment unconstitutional under the Equal Protection Clauses of both the Federal and State Constitutions (*see*, US Const 14th Amend; NY Const, art I, § 11). Following joinder, plaintiffs moved for summary judgment and defendants cross-moved for the same relief.* Supreme Court granted plaintiffs' motion as it found that the 1983 Amendment was unconstitutional (166 Misc 2d 608). Defendants appeal.

We turn first to the claim by defendant Town of Brookhaven (hereinafter the Town) that neither the District nor plaintiff taxpayers have standing to maintain the action. Although this issue was never raised by defendants in their cross motions and was not addressed by Supreme Court, defendants did allege as affirmative defenses in their answers that plaintiff taxpayers lacked standing. These defenses, however, related solely to plaintiff taxpayers and not the District. Therefore, the issue of the District's standing is not properly before this Court. As to plaintiff taxpayers' standing, this Court specifically determined in *Board of Educ. v State of New York* (111 AD2d 505, *lv dismissed* 66 NY2d 603, 854) that the concerns of the District's taxpayers over the impact of the 1983 Amendment on them were sufficient to gain them standing to challenge the constitutionality of the statute (*supra*, at 507; *see*, *Boryszewski v Brydges*, 37 NY2d 361). Accordingly, we reject the Town's lack of standing argument.

Turning to the merits, we begin by noting that the challenged statute must be upheld if its classification is rationally related to achieving a legitimate State purpose (*see*, *Western & S. Life Ins. Co. v Board of Equalization*, 451 US 648, 657). In

---

* Supreme Court initially granted the cross motions on the ground that the action was premature. On appeal, however, this Court found the matter ripe for determination on the merits and remitted the matter to Supreme Court (211 AD2d 966).

addition, taxing statutes enjoy a strong presumption of constitutionality (*see, Trump v Chu*, 65 NY2d 20, 25, *appeal dismissed* 474 US 915). The burden is on the one challenging the distinction to show by the "clearest demonstration that [the statute] discriminates invidiously" as well as "to negate every conceivable basis which might support it" (*Matter of Cove Hollow Farm v State of N. Y. Tax Commn.*, 146 AD2d 49, 53; *see, Trump v Chu, supra*). Our scope of review in the field of taxation is narrow and the Legislature is accorded large leeway in making classifications and drawing lines (*see, Trump v Chu, supra*, at 25). Keeping these principles in mind, we find that, in this case, plaintiffs have not overcome their burden.

In reaching this conclusion, we look first to the 1983 Amendment's stated purpose, which was to prevent school district taxpayers from reaping unwarranted windfalls. According to the Assembly memorandum in support of the legislation, nuclear-powered electric generating facilities create " 'tax havens' " resulting in lower taxes for residents of school districts which contain them, and taxpayers not located in those tax havens "should not have to pay school tax refunds to the power facilities receiving assessment reductions" (Assembly Mem, Bill Jacket, L 1983, ch 1018). In striking down the 1983 Amendment, Supreme Court did not question the statute's purported purpose. Indeed, plaintiffs specifically concede that the Legislature has a legitimate interest in eliminating tax windfalls. What the court found fault with was the method used by the Legislature to achieve its purpose. The court found that "the classification and the goal, the 'means' and the 'end', are wholly disconnected" (166 Misc 2d, *supra,* at 613). We disagree.

In the year preceding the enactment of the 1983 Amendment, the record indicates that the District's tax rate was $18.84 per $100 of assessed value while nearby school districts averaged $43.20 per $100 of assessed value. The Legislature specifically found that nuclear power facilities "due to their high value, pay substantial taxes" (Assembly Mem, Bill Jacket, L 1983, ch 1018). As such, they created tax havens resulting in lower taxes in the school districts which contained them. Therefore, should a nuclear power facility ultimately be determined to be overassessed and entitled to a refund, the Legislature concluded that the other school districts should not be required to pay the refund, given that they did not share in the benefit of the initial overassessment. Given these facts, we are of the view that, in distinguishing nuclear power facilities

from other types of property uses, the Legislature could rationally have assumed that if such facilities turned out to be overassessed, any tax refund would impose a greater tax windfall for school districts with such facilities if they did not have to pay the entire refund themselves.

Nor do we find the fact that there was only one school district actually affected by the 1983 Amendment to be fatal. If there had been more school districts in the same position as the District, the 1983 Amendment would still have applied. The statute did not, by its terms, single out or limit itself to only the District. Plaintiffs attribute an improper intent since the District was the only one affected by the statute. However, where, as here, there are legitimate purposes to justify the classification "whether they are the purposes which actually motivated the Legislature or not", the legislation will still be deemed to have a rational basis (*Trump v Chu*, 65 NY2d 20, 28, *supra*).

Likewise, we do not accept Supreme Court's conclusion that because the 1983 Amendment applied regardless of the amount determined to be owed as a refund (i.e., it applied whether the refund was $1 or $1 million), it violated equal protection principles. In enacting the 1983 Amendment, the Legislature noted that tax refunds could amount to $18 million, which would be an unconscionable burden to place on those taxpayers not residing within the school districts that reaped the initial benefits (Assembly Mem, Bill Jacket, L 1983, ch 1018). In fact, as it turned out, the refund determined to be owed was over $38 million. Under these circumstances, the Legislature was warranted in assuming, and as it turned out correctly so, that any refund owed would be substantial. In determining that these factors do not serve to invalidate the 1983 Amendment, it should be remembered that the Legislature was " 'not required to resort to close distinctions or to maintain a precise, scientific uniformity with reference to composition, use or value' " (*Trump v Chu*, 65 NY2d 20, 25, *supra*, quoting *Allied Stores v Bowers*, 358 US 522, 527).

Accordingly, the order and judgment of Supreme Court should be modified to declare that the 1983 Amendment has not been shown to be unconstitutional.

MERCURE, WHITE, CASEY and PETERS, JJ., concur.

Ordered that the order and judgment is modified, on the law, with costs, by reversing so much thereof as granted plaintiffs' motion and awarded them summary judgment declaring Suffolk County Tax Act, article I, § 3, as amended by Laws of 1983

(ch 1018), to be unconstitutional; defendants' cross motion granted, summary judgment awarded to them and it is declared that said statute has not been shown to be unconstitutional; and, as so modified, affirmed.