In the Matter of JAMES E. QUIGLEY III et al., Appellants, v TOWN OF ULSTER et al., Respondents. [887 NYS2d 381]—

Stein, J. Appeal from a judgment of the Supreme Court (O'Connor, J.), entered January 20, 2009 in Ulster County,

---

**2.** The husband was not represented by an attorney when he signed this agreement.

which, in a proceeding pursuant to CPLR article 78, dismissed the petition.

In 2003, respondent Chambers Senior Housing Limited Partnership, organized pursuant to Private Housing Finance Law § 103 (2-a), entered into an agreement with respondent Town of Ulster for the construction of a senior living facility for senior citizens with incomes equal to or less than 60% of the area's median income. In connection with this project, Chambers and the Town also entered into a payment in lieu of taxes (hereinafter PILOT) agreement. Pursuant to the PILOT agreement, Chambers was entitled to, among other things, an exemption from real property taxes in exchange for a specified monetary payment to the Town based upon the facility's gross revenue.

In or about 2006, the Town and Chambers entered into negotiations with a view toward expanding the number of available housing units at the subject facility. Thereafter, the Town authorized an amendment to the 2003 PILOT agreement. The final amended agreement provided that the payment to the Town was to be calculated on a per unit basis, rather than on gross revenue. Petitioners—as residents of the town—commenced this CPLR article 78 proceeding seeking a determination that the Town's resolution adopting the amended PILOT agreement was invalid and must be annulled. Supreme Court dismissed petitioners' application, finding that petitioners lacked standing. Petitioners now appeal.

As the parties seeking review, petitioners have the burden of establishing that they have standing to raise their claim (*see Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 769 [1991]). Here, inasmuch as the alleged harm to petitioners from the amended PILOT agreement is that they will have to share with other taxpayers in the resulting loss of annual tax revenues to the Town, they have not alleged an injury distinct from other members of the general public (*see Society of Plastics Indus. v County of Suffolk*, 77 NY2d at 774). Nor have they established that they are within the zone of interest sought to be promoted or protected by the Private Housing Finance Law, which relates to ensuring the availability of adequate living accommodations for low and moderate income families (*see* Private Housing Finance Law § 101; *see generally Matter of Cromwell Towers Redevelopment Co. v City of Yonkers*, 41 NY2d 1, 6 [1976]). Thus, petitioners have not demonstrated an injury in fact sufficient to confer standing (*see Society of Plastics Indus. v County of Suffolk*, 77 NY2d at 773).

We also reject petitioners' contention that they are entitled to common-law taxpayer standing, as they have not demonstrated

that this matter is of appreciable public significance beyond the immediately affected parties (*see Matter of Colella v Board of Assessors of County of Nassau*, 95 NY2d 401, 410-411 [2000]; *Matter of Humane Socy. of U.S. v Empire State Dev. Corp.*, 53 AD3d 1013, 1016-1017 [2008], *lv denied* 12 NY3d 701 [2009]; *cf. Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 813-814 [2003], *cert denied* 540 US 1017 [2003] [challenge to the use of state funds and regulatory personnel for a casino found to be of fundamental and immense public significance]). Petitioners also lack standing to bring this claim pursuant to State Finance Law § 123-b (1) since they do not assert that state funds have been unlawfully expended (*see* State Finance Law § 123-b [1]; *Saratoga County Chamber of Commerce v Pataki*, 100 NY2d at 813).

Notwithstanding petitioners' contention to the contrary, Supreme Court clearly dismissed the petition on the basis that petitioners lacked standing to challenge the Town's resolution and not on the merits of their General Municipal Law § 801 claim. Therefore, in view of our determination herein, petitioners' remaining arguments are academic.

Rose, J.P., Kane, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.