OPINION OF THE COURT
W. Patrick Falvey, J.
Petitioners have commenced this CPLR article 78 proceeding to challenge action taken by respondent Seneca County Industrial Development Agency (IDA) to provide the other respondents (Lago) tax benefits for the casino Lago is building in Seneca County. The respondents move to dismiss the petition, asserting petitioners do not have standing to sue regarding the first through sixth causes of action. Respondents move *536 to dismiss the seventh/last cause of action due to collateral estoppel and/or because there is another action pending between the same parties. The seventh cause of action regarding the State Environmental Quality Review Act (SEQRA) is the subject of a prior action determined by this court (Casino Free Tyre v Town Bd. of Town of Tyre, 51 Misc 3d 665 [Sup Ct, Seneca County 2016] [hereinafter referred to as Casino Free Tyre action]), currently on appeal to the Appellate Division, Fourth Department.
Petitioners seek an order and judgment adjudging and decreeing that the IDA by its December 10, 2015 Lago resolution (IDA resolution) improperly and illegally authorized a payment in lieu of tax agreement and lease between the IDA and Lago. Petitioners further seek a declaratory judgment declaring that all agreements based on or resulting from the IDA resolution, including the agent agreement, benefit recapture agreement, agency tax agreement, lease agreement and leaseback agreement are null, void and invalid.
The petitioners’ first cause of action asserts that the IDA resolution granting financial benefits to Lago is void because the New York State Industrial Development Agency Act (General Municipal Law art 18-A) does not provide for financial assistance to casinos, making the IDA assistance to Lago ultra vires. The second cause of action asserts that IDA assistance to Lago is impermissible because IDA assistance is permissible only to induce development not otherwise to occur and, here, Lago planned the development without making a request to the IDA before it applied for a license.
The third cause of action asserts that the neither the November 2015 IDA inducement resolution nor the December 2015 IDA resolution specify the amount of real property tax abatement Lago will be receiving, as required by law. The fourth cause of action asserts that the IDA materially miscalculated and misstated the amount of public assistance Lago is receiving.
Petitioners assert in their fifth cause of action that the IDA resolution must be nullified because the process was compromised by conflicts of interest regarding the attorneys for the IDA and Lago. The petitioners allege that with the assistance of the IDA’s own counsel, Harris Beach, Lago negotiated the first set of tax benefits which were awarded in the first half of 2015, which first set of benefits was later abandoned after the Fourth Department decision ruled that the underlying SEQRA *537 process for the casino project was not in compliance with law (Matter of Dawley v Whitetail 414, LLC, 130 AD3d 1570 [2015]). Petitioners argue that although Lago used new counsel for the second IDA application, the benefits had already been agreed upon, the second package being virtually identical to the first benefits package.
Petitioners in their sixth cause of action assert that the IDA usurped the powers that rest solely with the Town Assessor to value improvements to property. The seventh cause of action asserts that the IDA resolution is a nullity because the underlying negative declaration issued by the Town in the SEQRA process is null, void and without legal effect.
The respondents ask the court to dismiss the seventh cause of action on collateral estoppel grounds. Respondents refer to the Casino Free Tyre action wherein this court dismissed the petition which sought a finding that the negative declaration issued for the casino project by the Town Board of Tyre on October 1, 2015 under SEQRA was invalid. Thus, respondents assert collateral estoppel precludes petitioners from re-litigating the validity of the negative declaration in the instant proceeding. Alternatively, the respondents argue the seventh cause of action should be dismissed on the grounds that the Casino Free Tyre action is currently pending in the Appellate Division, Fourth Department.
In response to the respondents’ motion to dismiss the seventh cause of action, petitioners assert no objection, subject to their right to litigate that claim if this court’s decision in the Casino Free Tyre action is reversed on appeal. The court thus grants the respondents’ motion to dismiss the seventh cause of action on collateral estoppel grounds, without prejudice to the petitioners commencing a separate action following the petitioners’ (in the Casino Free Tyre action) successful appeal of that action.
Decision
While standing rules are generally to be followed by the court, the New York State Court of Appeals has stated that “we have been reluctant to apply these principles in an overly restrictive manner where the result would be to completely shield a particular action from judicial review (Matter of Har Enters. v Town of Brookhaven, 74 NY2d 524, 529 [1989]).” (Matter of Association for a Better Long Is., Inc. v New York State Dept. of Envtl. Conservation, 23 NY3d 1, 6-7 [2014].) Petition *538 ers assert four types of standing herein: traditional, common-law taxpayer, mandamus and conflict of interest.
Petitioners argue that they have traditional standing to bring their first through fourth and sixth causes of action. To attain traditional standing the petitioner must show that they have sustained an injury-in-fact, that the injury asserted falls within the zone of interests “sought to be promoted or protected by the statutory provision under which the agency has acted” and that the asserted injury is different from that of the general public. (Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 773 [1991].)
Petitioners assert injuries that are environmental and economic in nature. The environmental injuries they assert are that, as close neighbors to the casino, they are experiencing during construction, and will experience during operation of the casino, increased noise, light, dust, traffic and odor. They argue that but for the IDA benefits, the casino would not be built in the Town of lyre, and so they would not be experiencing these unpleasant changes to their environment. The economic injuries asserted by petitioners are, that because of the IDA benefits package, petitioners will shoulder a larger tax burden than they would if the casino was built without the IDA benefits.
The petitioners argue that their environmental injuries fall within the zone of interests of General Municipal Law article 18-A (IDA Act), specifically, General Municipal Law §§ 852 and 874 (4) (a). Section 852 states the policy and purposes of article 18-A, including the policy
“to protect and promote the health of the inhabitants of this state by the conservation, protection and improvement of the natural and cultural or historic resources and environment and to control land, sewer, water, air, noise or general environmental pollution derived from the operation of industrial, manufacturing, warehousing, commercial, recreation, horse racing facilities, railroad facilities, automobile racing facilities and research facilities.”
Section 874 (4) (a) requires an IDA to establish a uniform tax exemption policy and in adopting such policy to consider “the effect of the proposed project upon the environment.” Petitioners assert as taxpayers their economic injuries also fall within the zone of interests of the IDA Act citing Board of Educ. of *539 Goshen Cent. School Dist. v Town of Wallkill Indus. Dev. Agency (222 AD2d 475 [2d Dept 1995], lv denied 87 NY2d 811 [1996]).
Lastly, petitioners assert that their injuries are different than that of the general public. They say their environmental injuries are different because of their close proximity to the casino. They argue that their economic injuries are different than community members who do not own real property and so do not pay real property taxes.
Respondents argue that petitioners may not rely on their alleged environmental injuries as injury-in-fact under traditional standing requirements. They argue that these alleged environmental injuries are irrevelant to the first through sixth causes of action, because they fail to show that their alleged harm is the result of the IDA action, citing New York State Assn. of Nurse Anesthetists v Novello (2 NY3d 207, 211 [2004]) and Matter of Transactive Corp. v New York State Dept. of Social Servs. (92 NY2d 579 [1998]). Respondents point to statements in the petition alleging that the casino would be built with or without IDA benefits. (Petition ¶¶ 4, 153-155.)
The court notes that petitioners make their allegations of environmental injury in their petition in the paragraphs under “Petitioners” which paragraphs address their standing, generally, not specifically in regard to any particular cause of action. (See e.g. petition ¶¶ 9-17.) However, their second cause of action is seeking redress for an alleged public benefit given to the casino for a private purpose, essentially based on allegations that the casino would be built with or without the IDA assistance. Therefore, as to the second cause of action, the court agrees with respondents that the petitioners do not have traditional standing, because they would not suffer an environmental injury-in-fact if, as the second cause of action asserts, the casino would be built with or without IDA assistance.
The court does however conclude that the petitioners have shown an environmental injury-in-fact in regard to their first, third, fourth and sixth causes of action, because they have sufficiently asserted that the alleged environmental harms are the result of the IDA actions they seek to challenge in these causes of action. Similarly, the court concludes that the alleged economic harm is sufficient to meet the injury-in-fact requirement for standing purposes.
Turning to the zone of interest requirement, the court concludes that regarding the first, third, fourth and sixth *540 causes of action, the petitioners meet the zone of interest test. Since the IDA Act, specifically section 852, provides that the policy of the State is to protect and promote the health of its inhabitants by the “conservation, protection and improvement of the natural and cultural or historic resources and environment and to control land, sewer, water, air, noise or general environmental pollution derived from” the types of facilities subject to IDA benefits, these petitioners by alleging environmental harm have tied their “in-fact injury asserted to the governmental act challenged.” (Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 773 [1991]; see also Matter of Association for a Better Long Is., Inc. v New York State Dept. of Envtl. Conservation, 23 NY3d 1, 8 [2014].)
Similarly, petitioners meet the zone of interests requirement regarding their alleged economic injury, since the IDA Act has as a purpose to “promote the economic welfare . . . and prosperity of [the state’s] inhabitants.” (General Municipal Law §§ 852, 893-a; see also Matter of Dairylea Coop. v Walkley, 38 NY2d 6, 10 [1975]; Board of Educ. of Goshen Cent. School Dist. v Town of Wallkill Indus. Dev. Agency, 222 AD2d 475 [2d Dept 1995], lv denied 87 NY2d 811 [1996].)
 To meet traditional standing requirements, petitioners must also show that their alleged injury is different in kind than that of the general public. In this regard, petitioners’ alleged environmental injury meets the test. However, their alleged economic injury does not. “[A] private citizen who does not show any special rights or interests in the matter in controversy, other than those common to all taxpayers and citizens, has no standing to sue.” (Diederich v Rockland County Police Chiefs’ Assn., 33 AD3d 653, 654 [2d Dept 2006]; Kadish v Roosevelt Raceway Assoc., 183 AD2d 874 [2d Dept 1992].) The court concludes that petitioners have traditional standing to assert their first, third, fourth and sixth causes of action in regard to their alleged environmental injuries, but not as regards their alleged economic injuries.
Petitioners also assert common-law taxpayer standing regarding the first and second causes of action. Citizen-taxpayers have standing to bring a suit under State Finance Law § 123-b (1) to “prevent the unlawful expenditure of state funds.” (Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 813 [2003].) However, the “plaintiff’s claims must have a ‘sufficient nexus to fiscal activities of the State’ in order to confer standing.” (Saratoga, 100 NY2d at 813, quoting Rud *541 der v Pataki, 93 NY2d 273, 281 [1999].) Taxpayer standing is afforded when “the failure to accord such standing would be in effect to erect an impenetrable barrier to any judicial scrutiny of legislative action.” (Boryszewski v Brydges, 37 NY2d 361, 364 [1975]; Matter of Transactive Corp. v New York State Dept. of Social Servs., 92 NY2d 579, 589 [1998].) In Matter of Dudley v Kerwick (52 NY2d 542, 547 [1981]), taxpayer standing was found for individual taxpayers in the Town of Hardenburgh to challenge the town assessor’s “wholesale religious exemptions from taxation granted to other property owners.” Where the petitioners accused the assessor of “virtually ignoring statutory guidelines in granting exemptions to Universal Life Church members,” standing was granted, the court noting that the “Legislature, not the assessor has authority to create grounds for exemption from taxation.” (Dudley, 52 NY2d at 551.)
The court is satisfied, that likewise here, the petitioners have standing under State Finance Law § 123-b in regard to their first cause of action which seeks to test whether a casino is a “project” for which IDA benefits may be granted. {See General Municipal Law § 854 [4].) Further, this standing is available in regard to the second cause of action which asserts improper use of public benefits for a private purpose. (See Matter of Dudley v Kerwick, 52 NY2d 542 [1981].) Kadish v Roosevelt Raceway Assoc. (183 AD2d 874 [2d Dept 1992]) is distinguishable. Unlike the plaintiffs in Kadish, here, petitioners have asserted “a special right or interest in the matter that is different than those common to all taxpayers and citizens” (Kadish, 183 AD2d at 874-875) in that petitioners assert environmental injury different from the public at large. The court concludes that petitioners have common-law taxpayer standing to assert their first and second causes of action.
Petitioners also maintain that they have standing because their action is one in the nature of mandamus, to determine whether “the body or officer failed to perform a duty enjoined upon it by law.” (CPLR 7803 [1].) Mandamus to compel generally is available to require an agency to perform (or, as petitioners assert here, to prohibit an agency from performing) a non-discretionary or ministerial act that such agency is required by law to perform (or, as petitioners assert here, by law has no authority to perform). In Matter of Hebel v West (25 AD3d 172 [3d Dept 2005]) the Court ruled that petitioners village board of trustees had standing to bring a CPLR article 78 proceeding to enjoin the mayor and other village officials from issuing *542 marriage licenses to same-sex couples. The Hebei Court found standing quoting Matter of New York Post Corp. v Leibowitz (2 NY2d 677, 684 [1957]) which held that
“[t]here is ample authority that relief in the nature of mandamus may be granted to compel a public body or officer to refrain from taking particular administrative action in contravention of a clear mandate of law, even though the immediate relief sought is of a preventive rather than an affirmative nature.”
The court concludes that the petitioners do not have standing under a mandamus to compel theory for any of their causes of action, because the IDA is not an agency charged only with ministerial duties, but is an agency with discretionary authority. (See 14-7801 Weinstein-Korn-Miller, NY Civ Prac CPLR ¶ 7801.02 [3] [2d ed 2004].)
Petitioners assert standing regarding their fifth cause of action which alleges conflicts of interest regarding attorneys with the Harris Beach Law firm providing legal services to the IDA and also to Lago. Here, petitioners were never represented by Harris Beach or Robert Halpin. Thus, the court concludes that the petitioners do not have standing to seek disqualification since “they did not claim, nor had there ever been, an attorney-client relationship between the attorney/law firm and petitioners.” (Develop Don’t Destroy Brooklyn v Empire State Dev. Corp., 31 AD3d 144, 150 [1st Dept 2006].)
Order
Petitioners having traditional standing to assert their first, third, fourth and sixth causes of action, it is hereby ordered that respondents’ motion to dismiss these causes of action is denied.
Petitioners having common-law taxpayer standing to assert their first and second causes of action, it is hereby ordered that respondents’ motion to dismiss the first and second causes of action is denied.
Petitioners not having standing to assert their fifth cause of action, it is hereby ordered that respondents’ motion to dismiss the fifth cause of action is granted, with prejudice.
It is hereby ordered that the respondents’ motion to dismiss the seventh cause of action is granted, without prejudice to the petitioners commencing a separate suit asserting their claim following the Casino Free Tyre petitioners’ successful appeal of that action.
*543 No costs or disbursements are awarded to either party.
The respondents are permitted to answer those causes of action of the petition which have not been dismissed herein (first, second, third, fourth and sixth) and shall serve and file their answers within five days after service of the order with notice of entry by the petitioners. The petitioners may re-notice the matter for hearing upon two days’ notice, or the respondents may re-notice the matter for hearing upon service of the answer upon seven days’ notice. (CPLR 7804 [f].)