Matter of 61 Crown St., LLC v Ulster County Indus. Dev. Agency (2023 NY Slip Op 05561)

Matter of 61 Crown St., LLC v Ulster County Indus. Dev. Agency

2023 NY Slip Op 05561

Decided on November 2, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 2, 2023

534637
[*1]In the Matter of 61 Crown Street, LLC, et al., Appellants,
v
Ulster County Industrial Development Agency et al., Respondents, et al., Respondents.

Calendar Date:September 13, 2023

Before:Garry, P.J., Egan Jr., Aarons, McShan and Mackey, JJ.

E. Stewart Jones Hacker Murphy LLP, Schenectady (Benjamin F. Neidl of counsel), for appellants.
Hodgson Russ LLP, Buffalo (Aaron M. Saykin of counsel), for Ulster County Industrial Development Agency, respondent.
Barbara Graves-Poller, Corporation Counsel, Kingston, for City of Kingston, respondent.
Couch White, LLP, Albany (Alita J. Giuda of counsel), for JM Development Group, LLC and others, respondents.

Aarons, J.
Appeal from a judgment of the Supreme Court (Richard Mott, J.), entered December 3, 2021 in Ulster County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted certain respondents' motion for summary judgment dismissing the amended petition/complaint against them.
The Kingstonian Project is a project to redevelop certain parcels of land within the City of Kingston, Ulster County. This appeal is one of several appeals stemming from that redevelopment project (see Matter of 61 Crown St., LLC v City of Kingston Common Council, ___ AD3d ___ [3d Dept 2023] [decided herewith]; Matter of 61 Crown St., LLC v City of Kingston Common Council, 217 AD3d 1144 [3d Dept 2023]; Matter of Creda, LLC v City of Kingston Planning Bd., 212 AD3d 1043 [3d Dept 2023]; Matter of 61 Crown St., LLC v City of Kingston Zoning Bd. of Appeals, 211 AD3d 1134 [3d Dept 2022]; Matter of 61 Crown St., LLC v New York State Off. of Parks, Recreation & Historic Preserv., 207 AD3d 837 [3d Dept 2022]; 61 Crown St., LLC v City of Kingston Common Council, 206 AD3d 1316 [3d Dept 2022], lv denied 39 NY3d 904 [2022]). As relevant here, in June 2020, respondent Kingstonian Development, LLC submitted a tax-incentive application to respondent Ulster County Industrial Development Agency (hereinafter IDA) for the approval of a payment in lieu of tax (hereinafter PILOT) agreement pertaining to the construction and operation of a parking garage. After twice amending its internal housing policy, the IDA approved the PILOT agreement. Petitioners commenced this combined proceeding pursuant to CPLR article 78 and action for declaratory judgment challenging the IDA's amendment of its housing policy and its approval of the PILOT agreement. Respondents separately sought dismissal of the amended petition/complaint on the basis of lack of standing or, alternatively, on the merits. Supreme Court dismissed the third cause of action in the amended petition/complaint due to lack of standing and the remaining causes of action as without merit. This appeal by petitioners ensued.
As an initial matter, in view of Matter of Creda, LLC v City of Kingston Planning Bd. (supra), petitioners concede that the dismissal of the fourth cause of action was correct. Regarding the remaining causes of action, respondents contend, as an alternative ground for affirmance, that the entire amended petition/complaint should have been dismissed due to lack of standing. We agree. For petitioners to have standing, they must have suffered an in-fact injury that "falls within the zone of interests, or concerns, sought to be promoted or protected by the statutory provision under which the agency has acted" and "is in some way different from that of the public at large" (Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 773-774 [1991] [internal quotation marks and citation omitted]).
Petitioners essentially challenge the granting of the PILOT agreement by the IDA. Petitioners[*2], however, lack standing "to challenge a determination made by the [IDA] vis-À-vis an application . . . for certain tax incentives" (Matter of Defreestville Area Neighborhood Assn., Inc. v Planning Bd. of Town of N. Greenbush, 16 AD3d 715, 718 [3d Dept 2005]; see Kadish v Roosevelt Raceway Assoc., 183 AD2d 874, 874-875 [2d Dept 1992]; see generally Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency, 76 NY2d 428, 435 [1990]). Although petitioners maintain that they are injured because the granting of the PILOT agreement would decrease the amount of taxes that would have to be paid to the relevant tax authorities, thereby increasing their tax burdens, this alleged injury is not one that is distinct from an injury suffered by the general public (see Matter of Quigley v Town of Ulster, 66 AD3d 1295, 1296 [3d Dept 2009]). Petitioners also cannot rely on common-law taxpayer standing given that the matter at issue has "no appreciable public significance beyond the immediately affected parties" (Matter of Colella v Board of Assessors of County of Nassau, 95 NY2d 401, 411 [2000]; see Matter of Quigley v Town of Ulster, 66 AD3d at 1296-1297). To the extent that petitioners assert they have standing under General Municipal Law § 51, such assertion is unavailing (see Matter of La Barbera v Town of Woodstock, 29 AD3d 1054, 1056 [3d Dept 2006], lv dismissed 7 NY3d 844 [2006]; Kadish v Roosevelt Raceway Assoc., 183 AD2d at 875).
Garry, P.J., Egan Jr., McShan and Mackey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.